J-S55036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALEXIS RODRIGUEZ | |
| Appellant | No. 327 EDA 2014 |

Appeal from the PCRA Order December 20, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0716259-1989

BEFORE: BOWES, J., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 24, 2014**

Alexis Rodriguez appeals *pro se* from the order entered on December 20, 2013, in the Court of Common Pleas of Philadelphia County, dismissing, as untimely, his fourth petition, filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. Based upon the following, we affirm.

The PCRA court aptly summarized the background of this case in its Opinion and we adopt its recitation. *See* PCRA Court Opinion, 2/27/2014, at 1–2. We simply note, for purposes of this discussion, that, in 1990, Rodriguez was sentenced to life imprisonment, after he was convicted by a jury of first-degree murder, criminal conspiracy, and possession of an

instrument of crime.[1]  At the time of the offenses, Rodriguez was 18 years old.  In this appeal, Rodriguez presents two questions: (1) "Was post-conviction counsel ineffective when seeking and advising as to parole, and does the 'sentencer' have the power[/]discretion to impose a sentence of life-without-parole or life 'with the possibility of parole'", and (2) "Is sentence of life-without-possibility-of-parole 'grossly disproportionate', does statute requiring mandatory imposition of 'life without parole' for an individual over 17 violate the 8[th] Amendment, Article I § 13 of the [Pennsylvania Constitution] and Article 5 of the Universal Declaration of Human Rights by divesting a court of its judicial discretion to graduate and proportion a sentence." Rodriguez's Brief at ii.[2]

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determinations are supported by the record and are free of legal error." **Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2014) (quotations and citation omitted), *cert. denied*, 134 S. Ct. 2695 (U.S. 2014). "The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature." **Id.**  (citation omitted).

---

[1] **See** 18 Pa.C.S. § 2502(a), 903, and 907, respectively.

[2] On January 13, 2014, Rodriguez filed his notice of appeal, and also filed a "statement of questions raised on appeal," raising issues of counsel's ineffectiveness and life-without-parole sentences for individuals between 18 and 25 years of age.  **See** Rodriguez's Statement, 1/13/2014.

All PCRA petitions must be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges, and the petitioner proves, that one of the three enumerated exceptions to the time for filing requirement is met.  **See** 42 Pa.C.S. § 9545(b)(1).[3]  A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review."  42 Pa.C.S. § 9545(b)(3).

Here, Rodriguez's judgment of sentence became final on October 13, 1998,[4] and therefore the present PCRA petition, filed April 5, 2013, is patently untimely. However, given that Rodriguez's petition references the United States Supreme Court decision in **Miller v. Alabama**, 132 S. Ct. 455

_____

[3] The PCRA exceptions that allow for review of an untimely petition are as follows: (1) governmental interference; (2) the discovery of previously unknown facts; and (3) a newly-recognized constitutional right.  **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

[4] **See Commonwealth v. Rodriguez**, 876 A.2d 469 [2041 EDA 2004] (Pa. Super. 2005) (unpublished memorandum, at 3).

2012),[5] Rodriguez implicates the PCRA's statutory exception for a newly recognized constitutional right.  **See** 42 Pa.C.S. § 9545(b)(1)(iii).[6]

The PCRA requires that any petition invoking a PCRA exception "shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).  Relevant to the present petition, "the sixty-day period begins to run upon the date of the underlying judicial decision." **Commonwealth v. Brandon**, 51 A.3d 231, 235 (Pa. Super. 2012) (quotations and citation omitted).  Here, the United States Supreme Court decided **Miller** on June 25, 2012.  However, Rodriguez's petition was not filed until April 5, 2013, well beyond sixty days of when the claim could have been presented.  Therefore, we conclude Rodriguez's PCRA petition is untimely under Section 9545(b)(2).

Moreover, we agree with the PCRA court that Rodriguez cannot satisfy the requirements of the newly recognized constitutional right exception, 42 Pa.C.S. § 9545(b)(1)(iii), since (1) **Miller** does not apply because Rodriguez

_____

[5] In **Miller v. Alabama**, 132 S. Ct. 2455 (2012), the United States Supreme Court held "that mandatory life without parole **for those under the age of 18** at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" **Id.** at 2460 (emphasis added).

[6] Section 9545(b)(1)(iii) requires a petitioner to plead and prove "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

was 18 years old when he committed the underlying murder,[7] and (2) the Pennsylvania Supreme Court, in **Commonwealth v. Cunningham**, 81 A.3d 1, 11 (Pa. 2013), *cert. denied*, 134 S. Ct. 2724 (U.S. 2014), has held that **Milller** does not apply retroactively. **See** PCRA Court Opinion, 2/27/2014, at 3–4. To the PCRA court's analysis, we also add that in **Commonwealth v. Cintora**, 69 A.3d 759, 764 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013), this Court held the contention that **Miller** applies to persons over 18 whose brains were immature at the time of the crime does not bring the matter within the newly recognized constitutional right exception.[8]

Accordingly, we conclude there is no basis upon which to disturb the decision of the PCRA court, and, therefore, we affirm the order of dismissal.

Order affirmed.

_____

[7] **See** Footnote 5, **supra**. The PCRA court notes, "It is undisputed that [Rodriguez] was 18 years old at the time the murder occurred." PCRA Court Opinion, 2/27/2014, at 3. **See also** Rodriguez's Brief at 10 ("Petitioner was 18 at the time of alleged offense.").

[8] Furthermore, although Rodriguez's second claim refers to Article 5 of the Universal Declaration of Human Rights, and Article I, Section 13 of the Pennsylvania Constitution, he provides no argument in his brief in this regard and, therefore, this claim is waived. **See Commonwealth v. Quel**, 27 A.3d 1033, 1042 (Pa. Super. 2011) (failure to develop claim in appellate brief results in waiver). In any event, these arguments would not overcome the PCRA time-bar.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2014

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA       :
                                   :
                v.                 :            CP-51-CR-0716259-1989
                                   :
                                   :
ALEXIS RODRIGUEZ                   :
PP# 705478                         :                        FILED
                                   :        PCRA
DOCKET NO.: 327 EDA 2014           :                      FEB 2? ...

**OPINION**

Appellant, Alexis Rodriguez, appeals the dismissal of his fourth petition

for relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546

(PCRA). On December 20, 2013, following a thorough review of appellant's

submissions and the controlling law, his petition was dismissed without a

hearing. A summary of the procedural history follows.

On August 11, 1990, appellant was sentenced to life imprisonment after

a jury found him guilty of first degree murder, criminal conspiracy, and

possession of an instrument of crime.[1] At the time of the offense, appellant was

18 years old. The judgment of sentence was affirmed by the Superior Court on

December 31, 1997 (3955 PHL 96). The Supreme Court of Pennsylvania denied

review on July 14, 1998. On February 22, 2002, appellant filed for post

conviction relief. The petition was dismissed as untimely filed on June 28, 2004

and the Superior Court affirmed the dismissal on April 18, 2005 (2041 EDA

2004). On August 13, 2007, appellant filed a subsequent petition for post

---

[1] 18 Pa.C.S.A. §§ 2502, 903 and 907, respectively.

1

conviction relief which was dismissed as untimely on March 27, 2009. The Superior court affirmed the dismissal on March 5, 2010. On June 2, 2010, appellant again filed for post conviction relief claiming after discovered evidence. On May 13, 2011, after a thorough review, the petition was dismissed. The Superior Court affirmed the dismissal on August 27, 2012 and the Supreme Court denied review on March 18, 2013.

On April 5, 2013, appellant filed the instant petition, styled as a "Motion For Stay Of Post Conviction Proceeding," claiming that the United States Supreme Court decision in Miller v. Alabama, 132 S. Ct. 2455 (2012), which held that a sentence of mandatory life imprisonment without parole for those under the age of 18 at the time of their crimes violates the Eight Amendment prohibition against cruel and unusual punishments, would be made retroactive by the Pennsylvania Supreme Court decision in Commonwealth v. Cunningham, 81 A.3d 1 (2013), which was on appeal at the time of his filing. Assertion of this new constitutional right would overcome the PCRA timeliness barrier and entitle him to relief. However, appellant was over the age of 18 at the time the offense was committed which completely removes him from the purview of the Miller decision. Following proper notice, appellant's petition for relief was dismissed without a hearing on December 20, 2013. This appeal followed.

The standard of review regarding an order denying a petition for PCRA relief is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Commonwealth v. Halley, 582 Pa.

2

164, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Commonwealth v. Turetsky, 2007 PA Super 158, 925 A.2d 876, 879 (Pa. Super. 2007). Any petition—*including a second or subsequent petition*—filed pursuant to 42 Pa.C.S. § 9545 *shall* be filed within one (1) year of the date the judgment becomes final, with limited exceptions. Commonwealth v. Perrin, 2008 PA Super 91, 942 A.2d 1284, 1285 (Pa. Super. 2008). In order to fall within the exceptions to the one year filing requirement, a petitioner must *allege and prove*, that (1) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States; or (2) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or (3) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been retroactively upheld. Id. citing 42 Pa.C.S. § 9545(b)(1)(i)-(iii). The time limitations imposed by the PCRA may not be altered or disregarded in order to address the merits of a petition. Commonwealth v. Holmes, 2006 PA Super 198, 905 A.2d 507, 510 (Pa. Super. 2006).

It is undisputed that appellant was 18 years old at the time the murder occurred. Appellant's date of birth is documented as June 16, 1970; the criminal offense occurred on May 20, 1989. Furthermore, on October 30, 2013,

3

the Pennsylvania Supreme Court rendered its decision in Cunningham, holding that Miller does not apply retroactively. Consequently, appellant is unable to establish a statutory exception to the one-year jurisdictional time limit for filing a petition under the PCRA. Accordingly, appellant is due no relief. See Commonwealth v. Perrin, 947 A.2d 1284, 1285 (Pa.Super.2008)(if the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition).

For the foregoing reasons, appellant's petition was properly dismissed.


BY THE COURT:

_Sheila Woods-Skipper_
SHEILA WOODS-SKIPPER, J.

4