J-S39019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFERY GOODWIN | |
| Appellant | No. 2155 EDA 2014 |

Appeal from the PCRA Order July 1, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0527261-1994

BEFORE:  BOWES, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                                      **FILED JULY 28, 2015**

Jeffery Goodwin brings this *pro se* appeal from the order entered on July 1, 2014, in the Court of Common Pleas of Philadelphia County, that dismissed as untimely his third petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  Goodwin contends his petition may be reviewed based upon the United States Supreme Court's decision in **Miller v. Alabama**, 132 S. Ct. 1733 (June 25, 2012). In **Miller v. Alabama**, the Supreme Court recognized a constitutional right for juveniles **under the age of eighteen**, holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against

_____

[1] 42 Pa.C.S. §§ 9541–9546.

'cruel and unusual punishments.'" 132 S. Ct. at 2460. For the reasons that follow, we affirm.

The PCRA court has aptly summarized the facts and procedural history underlying this appeal:

> [Goodwin] was found guilty after a jury trial of first degree murder before the Honorable Judge James A. Lineberger on May 8, 1997. On the same day, [Goodwin] was sentenced by Judge Lineberger to serve a life sentence. After [Goodwin] filed his timely appeal, the Superior Court affirmed the judgment of sentence on August 4, 1999. The Supreme Court denied *allocatur* on December 9, 1999. [**Commonwealth v. Goodwin**, 745 A.2d 39 (Pa. Super. 1999), *appeal denied*, 749 A.2d 466 (Pa. 1999).]
>
> [Goodwin] filed his first post conviction relief petition through private counsel on December 8, 2000. The petition for relief was denied on February 19, 2003, after a notice of dismissal under criminal Rule 907 was sent by Judge Lineberger advising [Goodwin] that his issues were without merit. [Goodwin] filed his appeal on March 10, 2003. The Superior Court affirmed the lower court's denial of his PCRA petition on August 16, 2004, and denied [Goodwin's] application for reargument on October 21, 2004. [**Commonwealth v. Goodwin**, 863 A.2d 1223 (Pa. Super. 2004)]. [Goodwin] filed his second PCRA petition on February 18, 2005. The lower court dismissed his second PCRA petition on August 2, 2005. No appeal was filed.
>
> [Goodwin] filed his current post conviction petition on October 17, 2011.

PCRA Court Opinion, 11/3/2014, at 1-2.

On November 21, 2011, Goodwin filed a response to the PCRA court's Pa.R.Crim.P. 907 notice. On April 12, 2012, he filed an amended PCRA petition, and, on April 20, 2014, filed a memorandum of law in support of the amended petition. The docket reflects that, on August 7, 2012, Goodwin

filed an amended PCRA petition with a "***Miller*** claim." The PCRA Court determined that Goodwin's PCRA petition was untimely filed and he did not prove that any PCRA exception applied to excuse the late filing. This appeal followed.[2]

"In reviewing the denial of PCRA relief, we examine whether the PCRA Court's determinations are supported by the record and are free of legal error." ***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2014) (quotations and citation omitted), *cert. denied*, 134 S. Ct. 2695 (2014).

All PCRA petitions must be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges, and the petitioner proves, that one of the three enumerated exceptions to the time for filing requirement is met. ***See*** 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3). Here, Goodwin's judgment of sentence became final on March 8, 2000, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and no petition for writ of *certiorari* was filed in the United States Supreme Court. ***See*** U.S. Sup. Ct. Rule 13. Therefore,

---

[2] The trial court did not issue an order requiring Goodwin to file a Pa.R.A.P. 1925(b) statement.

the present petition, filed on October 17, 2011 is patently untimely. Because Goodwin's petition was untimely, he was required to plead and prove any of three statutory exceptions to the one-year time bar. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Here, the only issue addressed by the PCRA court was whether Goodwin's petition satisfied the PCRA's exception for a new constitutional right of retroactive effect, 42 Pa.C.S. § 9545(b)(1)(iii),[3] based on the United States Court decisions in **Missouri v. Frye**, 132 S. Ct. 1399 (2012) and **Lafler v. Cooper**, 132 S. Ct. 1376 (2012). The PCRA court concluded that these cases do not establish a time-bar exception.[4]

In this appeal, however, Goodwin does not contest the PCRA court's decision with regard to **Missouri v. Frye** and **Lafler v. Cooper**. Rather, he

---

[3] Section 9545(b)(1)(iii) requires a petitioner to plead and prove "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

[4] The PCRA court added in a footnote:

> All of the claims made by [Goodwin] have not been addressed as they have been previously litigated or waived as "any claim not raised in [his] PCRA petition is waived and not cognizable on appeal." **See** 42 Pa.C.S. 9544(a); Pa.R.A.P. Rule 302 (stating "issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

PCRA Court Opinion, 11/3/2014, at 4.

presents five issues, claiming that he has satisfied Section 9545(b)(1)(iii) based upon **Miller v. Alabama, supra**.[5]  Specifically, Goodwin raises the following issues in his Statement of Questions Involved:

   A. Did the Common Pleas Court commit an error by not ruling on [Goodwin's] **Miller** claim?

   B. Does mandatory life-without-parole terms for adults in homicide cases violate state & federal equal protection clauses, as well as Art. 7 of the Universal Declaration of Human Rights?

   C. Does life-without-parole terms for adults in homicide cases violate state & federal equal protection clauses, as well as Art. 7 of the Universal Declaration of Human Rights?

   D.  Does mandatory life-without-parole terms for individuals over 17 violate the 8th Amendment & Art. 5 of the Universal Declaration of Human Rights as well as Art. I § 13 of the Pa. Constitution?

   E. Should a new trial with a life qualified jury be awarded because [Goodwin's] age changes the possible punishment for 1st degree murder?

Goodwin's Brief at 2.

   As already mentioned, the docket reflects that, on August 7, 2012, Goodwin filed an amended PCRA petition with a "**Miller** claim." However,

_____

[5] We note that **Miller v. Alabama, supra**, was issued on June 25, 2012, and that Goodwin's amended petition based upon that decision was filed on August 7, 2012.  Therefore, Goodwin complied with Section 9545(b)(2) which requires that "[a]ny petition invoking an exception provided in paragraph (1) shall be filed **within 60 days** of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2) (emphasis supplied).

that amended petition is not part of the certified record, and the PCRA court did not address this claim. In any event, for the following reasons, no relief is due.

First, our Supreme Court has held that the right announced in **Miller v. Alabama, supra**, does not apply retroactively. **See Commonwealth v. Cunningham**, 81 A.3d 1, 10 (Pa. 2013), *cert. denied*, 134 S. Ct. 2724 (2014).[6] Consequently, a petitioner cannot rely on **Miller v. Alabama** or 42 Pa.C.S. § 9545(b)(1)(iii) to establish jurisdiction over an untimely PCRA petition. **See Commonwealth v. Seskey**, 86 A.3d 237, 243 (Pa. Super. 2014), *appeal denied*, 101 A.3d 103 (2014).

Furthermore, Goodwin was **25 years old** at the time he committed the offense,[7] and therefore **Miller v. Alabama**, which applies to "those under the age of 18 at the time of their crimes,"[8] does not benefit Goodwin.

Finally, none of Goodwin's remaining **Miller v. Alabama**-related claims, issues B through E, satisfy the requirements of Section 9545(b)(1)(iii). **See Commonwealth v. Cintora**, 69 A.3d 759, 764 (Pa.

---

[6] On March 23, 2015, the Supreme Court granted *certiorari* in **Montgomery v. Louisiana**, 135 S. Ct. 1546 (2015), which again presents the **Miller v. Alabama** retroactively question. Nonetheless, until the United States Supreme Court issues its decision, **Cunningham** remains the final word on the issue in Pennsylvania.

[7] **See** Goodwin's Brief at 7.

[8] 132 S. Ct. at 2460.

Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013) (holding contention that **Miller v. Alabama** applies to persons over 18 whose brains were immature at the time of the crime does not bring the matter within Section 9545(b)(1)(iii)).

Therefore, there is no basis upon which to disturb the decision of the PCRA court that dismissed Goodwin's third PCRA petition upon the conclusion that the petition was untimely and Goodwin failed to establish an applicable exception to the time bar.

Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/28/2015