J-S52029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANDRE COHEN, | |
| Appellant | No. 231 WDA 2015 |

Appeal from the PCRA Order of January 8, 2015
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0003563-1992

BEFORE:  SHOGAN, OLSON and WECHT, JJ.

MEMORANDUM BY OLSON, J.:                   **FILED NOVEMBER 10, 2015**

Appellant, Andre Cohen, appeals from the order dated January 8, 2015, dismissing his third petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court briefly summarized this case as follows:

> [Appellant] was convicted of second[-]degree murder and sentenced to life in prison.  He was 19 years old at the time he committed the crime.  His sentence was affirmed by [this Court] on September 4, 1996[.]  A few months later, our state [S]upreme [C]ourt denied review.  Two previous efforts at post-conviction relief were denied.

Trial Court Opinion, 3/16/2015, at 1 (unpaginated).

On August 8, 2012, Appellant filed a *pro se* PCRA petition claiming his sentence for life without parole was unconstitutional in light of the United States Supreme Court decision in ***Miller v. Alabama***, -- U.S. -- , 132 S.Ct. 2455 (2012). On August 20, 2012, the PCRA court appointed counsel for

Appellant. Following the grant of several extensions of time, PCRA counsel filed an amended PCRA petition that included an alternative request for *habeas corpus* relief.

In an order filed on January 8, 2015, the PCRA court denied relief. This timely appeal resulted.[1] In its subsequent opinion pursuant to Pa.R.A.P. 1925(a), the trial court concluded that **Miller** was inapplicable to Appellant because that case held it unconstitutional to sentence juveniles to life imprisonment without the possibility of the parole, but Appellant was 19 years-old when he committed the second-degree murder. PCRA Court Opinion, 3/16/2015, at 2 (unpaginated). Moreover, the PCRA court, *citing* **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013), recognized that **Miller** does not apply retroactively to juveniles whose convictions were already final when the decision was handed down. **Id.**

On appeal, Appellant presents the following issue for our review:

> Whether Appellant's life sentence without the possibility of parole is unconstitutional under the Eighth Amendment of the United States Constitution as well as Article I, Section 13 of the Pennsylvania Constitution and whether Pennsylvania's constitutional guarantee of *habeas corpus* provides relief for Appellant.

Appellant's Brief at 3.

---

[1] Appellant filed a notice of appeal on February 6, 2015. On February 11, 2015, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on March 16, 2015.

In sum, Appellant argues:

> Here, Appellant was 19 years old when he committed the act that led to his conviction of second[-]degree murder in 1993. He was given a mandatory life sentence. Although **Miller v. Alabama** only affords relief where the defendant is a juvenile at the time of the incident, Appellant seeks to apply the policy considerations and rationale of **Miller v. Alabama** and obtain *habeas corpus* relief. As in **Miller**, Appellant here was immature at the time of the incident and functioning as a juvenile; he was prone to substance abuse and addicted to crack cocaine at the time of the incident. Nonetheless, Appellant has been rehabilitated in prison and no longer presents a danger to society. He has already served 23 years and his continued incarceration no longer serves a purpose. Accordingly, Appellant requests a *habeas corpus* hearing in which the trial must consider Appellant's individualized sentencing factors[.]

*Id.* at 7-8.

We have previously rejected this argument. Our decision in **Commonwealth v. Cintora**, 69 A.3d 759 (Pa. Super. 2013) is instructive. Therein, we first noted that, "[i]n **Miller***,* the Supreme Court of the United States recognized a constitutional right for juveniles under the age of eighteen, holding that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against cruel and unusual punishments." **Cintora**, 69 A.3d at 764 (internal quotations omitted). In **Cintora**, brothers Oscar and Jesus Cintora "were twenty-one and nineteen years old, respectively, when they committed the underlying crimes, and twenty-two and nineteen years and eleven months old, respectively, when they pled guilty to second degree murder and the court sentenced them to life imprisonment." We determined, "the holding

- 3 -

in **Miller** does not create a newly-recognized constitutional right that can serve as the basis for relief for" those over the age of 18 at the time they commit murder. **Id.** Here, Appellant was nineteen years old at the time he committed murder. Thus, **Miller** is inapplicable and cannot provide Appellant relief.

Even if Appellant were a juvenile at the time he committed the crime, in **Commonwealth v. Cunningham**, 81 A.3d 1, 7-8 (Pa. 2013), our Supreme Court determined that **Miller** does not apply retroactively to case in which a defendant's judgment of sentence for murder became final prior to **Miller**. Here, Appellant's judgment of sentence became final on April 14, 1997, ninety days after our Supreme Court denied allowance of appeal on January 13, 1997. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S. Supreme Court Rule 13. The United States Supreme Court's decision in **Miller** was filed on June 25, 2012, well after Appellant's judgment of sentence became final. Thus, **Miller** cannot provide Appellant retroactive relief.

Further, we reject Appellant's alternative argument that he is entitled to *habeas corpus* review to consider his claims based upon the rationale expressed in **Miller**. Our Supreme Court has concluded:

> Prior to the enactment of statutory post-conviction remedies, *habeas corpus* petitions were frequently utilized for obtaining post-conviction review in criminal cases. […I]n **Commonwealth v. Peterkin**, 722 A.2d 638 (Pa. 1998), [the Supreme Court determined] the PCRA subsumes the remedy of *habeas corpus* with respect to remedies offered under the PCRA [and that] the writ continues to exist only in cases in which there is no remedy under the PCRA.

*     *     *

> The legislature has clearly directed that the PCRA provide the sole means for obtaining collateral review and relief, encompassing all other common law rights and remedies, including *habeas corpus*. **See** 42 Pa.C.S. § 9542. As certain penalty phase claims, which are not waived or otherwise forfeited are cognizable on traditional *habeas corpus* review, Section 9542 plainly requires that they must be considered exclusively within the context of the PCRA. Such claims could not be legislatively foreclosed, since the Pennsylvania Constitution provides, with limited exceptions not here applicable, that the privilege of the writ of *habeas corpus* shall not be suspended. Pa.Const, Article 1, Section 14.
>
> Given that the choice was between a unified statutory procedure or bifurcated review having statutory and common law components, it seems clear that the General Assembly intended to channel all claims requiring review through the framework of the PCRA. Thus, [when] petitioner's penalty phase claims are cognizable under the PCRA they will be addressed solely within the context of the PCRA, and any remedy to be afforded petitioner must be within the scope of the PCRA.

*Commonwealth v. Chester*, 733 A.2d 1242, 1250-1251 (Pa. 1999) (some citations omitted), *abrogated on other grounds by Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002). The PCRA provides relief for criminal convictions that resulted from "[a] violation of the Constitution of this Commonwealth or the Constitution or laws of the United States[.]" 42 Pa.C.S.A. § 9543(a)(2)(i). The PCRA also provides for relief from "[t]he imposition of a sentence greater than the lawful maximum." 42 Pa.C.S.A. § 9543(a)(2)(vii).

Here, Appellant "seeks to apply the policy considerations and rationale of *Miller v. Alabama* and obtain *habeas corpus* relief" based on our decision in *Commonwealth v. Seskey*, 86 A.3d 237 (Pa. Super. 2014). We reject

Appellant's proposal. Appellant relies on the panel's observation in **Seskey** that *habeas corpus* relief may be available "where juvenile lifers are denied post[-]conviction relief under **Miller v. Alabama**." Appellant's Brief at 9. Again, Appellant was not a juvenile at the time of the offense. Further, as recited above, the PCRA is the proper mechanism for challenging illegal sentences. Accordingly, there is no merit to Appellant's claim.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2015