COMMONWEALTH of Pennsylvania,
Appellee

v.

Oscar CINTORA, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Jesus Alcantar Cintora, Appellant.

Superior Court of Pennsylvania.

Submitted April 1, 2013.
Filed June 28, 2013.

Oscar Cintora, appellant, pro se (at 3272).

Jesus A. Cintora, appellant, pro se (at 3456).

Nicholas J. Casenta, Jr., Assistant District Attorney, West Chester, for Commonwealth, appellee.

BEFORE: PANELLA, OLSON, and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:

These interrelated *pro se* appeals are from orders entered November 1, 2012, which dismissed Oscar Cintora's fourth petition filed pursuant to the Post Conviction Relief Act (PCRA)[1] and his brother Jesus Alcantar Cintora's third petition filed pur-

---

* Retired Senior Judge assigned to the Superior Court.

1.  42 Pa.C.S. §§ 9541–9546.

suant to the PCRA. On appeal, Oscar and Jesus (collectively "Appellants") both claim that the PCRA court erred in dismissing their petitions as untimely. Because identical issues are raised in each appeal arising from the same set of facts, we will address them together. We affirm.

These actions arose from an incident in March of 1994 wherein Oscar and Jesus burglarized a home, stabbed to death a male occupant, and tied up and terrorized the murder victim's mother and sister. The men fled the scene in the victims' car, but were later apprehended in the Commonwealth of Virginia.

On October 21, 1994, Jesus pled guilty to second-degree murder, criminal conspiracy, burglary, and two counts of robbery. Immediately following his plea, Jesus was sentenced to life imprisonment for the second-degree murder conviction and to an aggregate term of twenty to forty years' imprisonment for the remaining crimes, to be served concurrently with the life sentence. Jesus did not file a direct appeal.

On February 13, 1995, Oscar also pled guilty to second-degree murder, burglary and two counts of robbery. Oscar was sentenced that same date to life imprisonment for second-degree murder. Additionally the court imposed three concurrent sentences of five to ten years' imprisonment for the robbery and burglary convictions. No post-sentence motions were filed, and no direct appeal was taken.

Subsequently, both Appellants filed serial PCRA petitions. However, because those petitions are not at issue, we refrain from describing in detail the factual and procedural history of each petition for each Appellant. Rather we limit our discussion to the most recent PCRA petition filed by each Appellant.

On August 10, 2012, Appellants filed separate, but identical, *pro se*, PCRA petitions,[2] alleging that the United States Supreme Court in its decision in *Miller v. Alabama*, — U.S. —, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), recognized a new constitutional right, which not only invokes a timeliness exception to section 9545(b)(1) of the PCRA, but also requires the reversal of Appellants' sentences of life imprisonment. After reviewing the petition, the PCRA court found *Miller* inapplicable and, pursuant to Pa.R.Crim.P. 907, gave notice to Appellants, by order dated September 28, 2012, of its intent to dismiss their petitions as untimely. Both Appellants filed a "Motion for Reconsideration of Order of Intent to Dismiss 'PCRA' Petition as Untimely," on October 15, 2012. On November 9, 2012, the PCRA court dismissed Appellants' petitions. These timely appeals followed.[3]

On appeal, Appellants collectively raise the following issues for our consideration:

1. Whether the "PCRA" Court erred in dismissing [Appellants' petitions] as untimely, whereupon, such petition[s] alleged that two of the exceptions to the time requirements, applied to his untimely petition under 42 Pa.C.S. § 9545(b)(1)(ii-iii)?

2. Whether Newly Discovered Scientific facts, ratified by recent U.S. Supreme Court Rulings, and recognized as a Constitutional Right under [*Miller, supra* ], which renders unconstitutional life without parole sentences for juveniles,

---

2. The August 10, 2012 petition filed by Oscar was his fourth PCRA petition, while the petition filed by Jesus on this date was his third PCRA petition.

3. The PCRA court did not direct either Appellant to file a Pa.R.A.P. 1925(b) statement, and none was filed. The PCRA court, however, filed an opinion in each action, pursuant to Pa.R.A.P. 1925(a), on December 6, 2012.

encompasses as well young adults whose brain[s] were immature at the time of their offenses?

3. Whether Mandatory life without parole terms for adults in homicide cases violates state and federal Equal Protection Clauses as well as Article 7 of the Universal declaration of human rights?

Appellants' Briefs at 2.

█ We have held that,

[t]his Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Walls,* 993 A.2d 289, 294–295 (Pa.Super.2010) (citations omitted).

█ In the instant case, the PCRA court concluded that Appellants' petitions were filed untimely and failed to plead any valid exception to the timeliness requirements of the PCRA. PCRA Court Opinion, 12/6/2012 (citing Orders dated 11/9/2012 and 9/28/2012). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson,* 575 Pa. 500, 837 A.2d 1157, 1161 (2003). Statutory time restrictions are mandatory and jurisdictional in nature, and may not be altered or disregarded to reach the merits of the claims raised in the petition. *Commonwealth v. Murray,* 562 Pa. 1, 753 A.2d 201, 203 (2000). Generally, a PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme

Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3). The PCRA provides three narrow statutory exceptions to the general timeliness requirements:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petition seeking relief pursuant to a statutory exception must adhere to the additional requirement of filing the claim within 60 days of the date the claim could have been first presented. 42 Pa.C.S. § 9545(b)(2).

█ Section 9545(b) applies to any petition filed under the PCRA, including second and subsequent ones. Thus, notwithstanding that these are serial petitions, pursuant to statute, Appellants still had to file their petitions within one year from the date their judgments of sentence became final for the petitions to be timely.

Because neither Appellant filed a direct appeal to this Court, each Appellant's judgment of sentence became final thirty days after his sentence was imposed and the time for filing a direct appeal expired. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903. Thus, Appellants' petitions, filed August 10, 2012 are facially untimely. Consequently, the PCRA court lacked jurisdiction to review them unless Appellants pled and proved one of the statutory exceptions to the time bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1), *supra*, applies.

In their first issue, Appellants assert that their petitions fell under the exceptions at 42 Pa.C.S. § 9545(b)(1)(ii) and (iii), alleging newly discovered evidence, and a newly-recognized constitutional right to relief, pursuant to *Miller, supra. See* Appellants' Briefs at 7–13. We disagree.

In analyzing a claim of newly discovered evidence pursuant to section 9545(b)(1)(ii), our Supreme Court in *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264, 1271–72 (2007),

> made clear that the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the facts upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence. Therefore, ... the plain language of subsection (b)(1)(ii) is not so narrow as to limit itself to only claims involving after-discovered evidence. Rather, subsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has

jurisdiction over the claim under this subsection.

*Id.* at 1271–72 (internal quotations and citations omitted). Specifically, Appellants argue that the newly-discovered evidence is our Supreme Court's decision in *Miller, supra*, which is derivatively applicable to them and implicates the legality of their sentences. We do not find Appellant's argument persuasive.

█ Our Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii). *See Commonwealth v. Watts*, 611 Pa. 80, 23 A.3d 980, 986 (2011) (holding, a judicial opinion does not qualify as a previously unknown "fact" capable of triggering the timeliness exception set forth in section 9545(b)(1)(ii) of the PCRA; "section 9545(b)(1)(ii) applies only if the petitioner has uncovered facts that could not have been ascertained through due diligence, and judicial determinations are not facts"); *Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa.Super.2012) (same). Accordingly, Appellant's claim is without merit.

█ Moreover, we note that even had Appellant's claim met the underlying requirements of section 9545(b)(1)(ii), he still would not be entitled to any relief, as he did not satisfy the 60–day requirement set forth in section 9545(b)(2). Appellants did not file their PCRA petitions alleging such exception within 60 days of the *Miller* case. To fulfill the 60–day requirement, Appellants needed to file their petitions within 60 days from the date of the court's decision. *Brandon, supra*, at 235 (finding appellant's claim, alleging recently filed judicial decision as newly-discovered fact, failed for, *inter alia*, not complying with section 9545(b)(2), as "the sixty-day period begins to run upon the date of the underlying judicial decision[,]" not the date appel-

lant became aware of the decision). The United States Supreme Court's decision in *Miller* was filed on June 25, 2012. Appellants filed their petitions on September 10, 2012. Thus, the petitions were untimely on this basis as well.

■ Appellants' claims also fail to satisfy the requirements necessary for invoking the newly-recognized constitutional right exception, pursuant to section 9545(b)(1)(iii). In *Miller*, the Supreme Court of the United States recognized a constitutional right for juveniles under the age of eighteen, holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishments.'" *Miller, supra* at 2460. Here, Appellants Jesus and Oscar were twenty-one and nineteen years old, respectively, when they committed the underlying crimes, and twenty-two and nineteen years and eleven months old, respectively, when they pled guilty to second degree murder and the court sentenced them to life imprisonment. Therefore, the holding in *Miller* does not create a newly-recognized constitutional right that can serve as the basis for relief for Appellants. *See* 42 Pa.C.S. § 9545(b)(1)(iii); *Miller, supra* at 2460.[4]

■ Nonetheless, Appellants, in their second issue, contend that because *Miller* created a new Eighth Amendment right, that those whose brains were not fully developed at the time of their crimes are free from mandatory life without parole sentences, and because research indicates that the human mind does not fully develop or mature until the age of 25, it would be a violation of equal protection for the courts to treat them or anyone else with

an immature brain, as adults. Thus, they conclude that the holding in *Miller* should be extended to them as they were under the age of 25 at the time of the murder and, as such, had immature brains. Appellants' Briefs at 13–16. However, we need not reach the merits of Appellants' argument, as their contention that a newly-recognized constitutional right **should** be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii).

■ Appellants' third issue, of "whether mandatory life without parole terms for adults in homicide case violates state and federal equal protection clauses as well as article 7 of the universal declaration of human rights," likewise does not merit our review, as it too cannot evade the timeliness requirements of the PCRA.

In conclusion, Appellants have failed to set forth a viable exception to the time filing requirements of the PCRA. Accordingly, because Appellants' petitions are untimely, and do not fall into any of the exceptions enumerated in 42 Pa.C.S. § 9545(b), the PCRA court lacked jurisdiction, and its dismissal of the petitions was proper. *Murray*, 753 A.2d at 203.

Orders affirmed.

---

4. Moreover, we note that any newly-recognized constitutional rights in *Miller* have not been held to apply retroactively. Our Supreme Court has granted allocatur on the issue of whether *Miller* applies retroactively, but has not yet filed a decision. *See Commonwealth v. Cunningham*, 616 Pa. 540, 51 A.3d 178 (2012).