J-S57040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JULIUS A. EDWARDS | |
| Appellant | No. 563 EDA 2015 |

Appeal from the PCRA Order dated January 30, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0810902-1998

BEFORE: MUNDY, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 10, 2015**

Appellant Julius A. Edwards appeals from an order of the Court of Common Pleas of Philadelphia County (PCRA court), which dismissed as untimely Appellant's request for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-46. For the reasons set forth below, we affirm.

The PCRA court summarized the facts and procedural history of this case as follows:

> On September 22, 1999, [Appellant] was found guilty in a bench trial before the Honorable Willis Berry of [s]econd degree murder, [r]obbery, and [c]riminal [c]onspiracy, and [p]ossessing an [i]nstrument of [c]rime (PIC).[1] He was sentenced to life without the possibility of parole for [m]urder, with [r]obbery merging, and the PIC and [c]onspiracy convictions running

---

[1] The record reveals that Appellant was 21 years old on July 15, 1998 when he committed the murder in this case.

concurrent. [Appellant] appealed, and [this Court] affirmed the judgment of sentence on June 20, 2001. The Pennsylvania Supreme Court denied his petition for allowance of appeal on December 19, 2001.

On March 10, 2003, [Appellant] filed his first *pro se* PCRA petition. Counsel was appointed, and a hearing was held. After review, the [PCRA court] dismissed his first PCRA petition on September 24, 2004. [This Court] affirmed the denial of his first PCRA petition on August 25, 2006. The Pennsylvania Supreme Court denied his petition for allowance of appeal on April 24, 2007.

On April 30, 2012, [Appellant] filed the instant PCRA petition[, which he amended on July 17, 2012 to challenge his sentence under *Miller v. Alabama*, 132 S. Ct. 2455 (2012)[2]]. After conducting an extensive and exhaustive review of these filings, the record and applicable case law, [the PCRA court] found that [Appellant's PCRA petition] was untimely filed. Therefore, [the PCRA court concluded that it] did not have jurisdiction to consider [Appellant's] PCRA petition and it was dismissed.

PCRA Court Opinion, 3/18/15, at 1-2. Appellant timely appealed to this Court.

On appeal,[3] Appellant argues only that the PCRA court erred in dismissing as untimely his petition for collateral relief because he overcame the PCRA's time-bar pursuant to 42 Pa.C.S.A. § 9545(b)(1)(iii). In support of this argument, Appellant points out that *Miller* applies *sub judice*, because his brain was "immature" at the time he perpetrated the murder in

_____

[2] The Court in *Miller* held that "[m]andatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller*, 132 S. Ct. at 2460.

[3] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (quoting *Commonwealth v. Rainey*, 928 A.2d 215, 223 (Pa. 2007)).

this case. As a result, Appellant argues that his sentence of life imprisonment is unconstitutional.

The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted **_is a constitutional right that was recognized by the Supreme Court of the United States_** or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b) (emphasis added). Section 9545's timeliness provisions are jurisdictional. **_Commonwealth v. Ali_**, 86 A.3d 173, 177 (Pa. 2014).

- 3 -

Instantly, it is undisputed that Appellant's second PCRA petition was facially untimely. Appellant's argument that he overcomes the PCRA's time-bar because of **Miller** fails for the following reason. Appellant has failed to plead and prove that **Miller** created a constitutional right applicable *sub judice*. Instantly, there is no dispute that Appellant was twenty-one years old when he committed the murder. As we noted earlier, however, the United States Supreme Court's holding in **Miller** was clear in that only mandatory life imprisonment without parole for those under the age of eighteen at the time of their crimes was unconstitutional. Moreover, to the extent Appellant argues that the condition of his brain at the time of the crime brings this case within the purview of **Miller**, we disagree. In **Commonwealth v. Cintora**, 69 A.3d 759 (Pa. Super. 2013), **appeal denied**, 81 A.3d 75 (Pa. 2013), two appellants, who were nineteen and twenty-one years of age at the time of their underlying crimes, and sentenced to life imprisonment, claimed:

> [T]hat because **Miller** created a new Eighth Amendment right, that those whose brains were not fully developed at the time of their crimes are free from mandatory life without parole sentences, and because research indicates that the human mind does not fully develop or mature until the age of 25, it would be a violation of equal protection for the courts to treat them or anyone else with an immature brain, as adults. Thus, they conclude that the holding in **Miller** should be extended to them as they were under the age of 25 at the time of the murder and, as such, had immature brains.

**Cintora**, 69 A.3d at 764. In rejecting the argument, we concluded that "[a] contention that a newly-recognized constitutional right **should** be extended to others does not render their petition timely pursuant to [S]ection

- 4 -

9545(b)(1)(iii)." **Id.** (emphasis added). Thus, as in **Cintora**, Appellant's claim that **Miller** applied to the case *sub judice* based on his mental development is without merit. Accordingly, we conclude that the PCRA court did not err in dismissed as untimely Appellant's second PCRA petition.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2015

---

[4] Based on our conclusion, we need not address the retroactivity of **Miller**.