J-S31018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM JOHN TIERNO | |
| Appellant | No. 974 MDA 2015 |

Appeal from the PCRA Order May 18, 2015
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000866-2009
CP-54-CR-0001290-2009

BEFORE: SHOGAN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 23, 2016**

William John Tierno appeals from the order entered May 18, 2015, in the Court of Common Pleas of Schuylkill County, denying his second petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Tierno seeks relief from the judgment of sentence of an aggregate term of 12 to 24 years' imprisonment imposed on August 20, 2010, following his convictions in two cases. At Criminal Docket No. 866-2009, Tierno was convicted of robbery, criminal conspiracy, theft by unlawful taking, and receiving stolen property.[1] At Criminal Docket No. 1290-2009,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S. §§ 3701(a)(1)(ii), 903(a)(1), 3921(a), 3925(a), respectively.

Tierno was also convicted of robbery, criminal conspiracy, theft by unlawful taking, receiving stolen property, as well as terroristic threats.[2] On appeal, Tierno argues that the PCRA court erred in denying his second petition for post-conviction relief following the Pennsylvania Supreme Court decision in ***Commonwealth v. Armstrong***, 107 A.3d 735 (Pa. 2014), affirming, in part, ***Commonwealth v. Armstrong***, 74 A.3d 228 (Pa. Super. 2013). Based upon the following, we affirm.

In Tierno's first PCRA petition, this Court quoted the PCRA court's description of the facts and procedural history at ***Commonwealth v. Tierno***, 81 A.3d 1005 (Pa Super. 2013) (unpublished memorandum, at 1-6) (citations omitted), *appeal denied*, 83 A.3d 415 (Pa. 2014). This Court affirmed the denial of PCRA relief, concluding that "trial counsels' advice to [Tierno] to accept a plea deal was competent, and thus, his guilty plea was knowing, voluntary, and intelligently entered." ***Id.*** at 12.

On February 23, 2015, Tierno filed this second *pro se* Post Conviction Relief Act petition. Thereafter, on March 24, 2015, the PCRA court issued notice of intention to dismiss pursuant to Pa.R.Crim.P. 907. Following the filing of objections by Tierno to the Rule 907 notice, the PCRA court

---

[2] ***See*** 18 Pa.C.S. §§ 3701(a)(1)(ii), 903(a)(1), 3921(a), 3925(a), and 2706(a) respectively.

dismissed his PCRA petition on May 18, 2015. Tierno then filed this timely

appeal.[3]

On appeal, Tierno states his sole issue as follows:

When the Pennsylvania Supreme Court issued its decision in [**Armstrong**], making clear that a criminal defendant must first be sentenced as a second-strike offender before being sentenced as a third-strike offender, did the lower Court err in not finding this met the threshold requirement under 42 Pa.C.S. § 9545(b)(1)(ii), and should this new authority have provided the basis for the grant of the PCRA petition and the withdrawal of Appellant's guilty plea?

Tierno's Brief at 2.[4, 5]

Our standard of review is well settled: "In reviewing the denial of PCRA

relief, we examine whether the PCRA court's determination is supported by

the record and free of legal error." **Commonwealth v. Taylor**, 67 A.3d

1245, 1248 (Pa. 2014)(quotations and citation omitted), *cert. denied*, 134 S.

_____

[3] On June 9, 2015, the PCRA court ordered Tierno to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Tierno complied with the PCRA court's directive, and filed a concise statement on June 26, 2015.

[4] Tierno only generally asserts a timeliness exception under 42 Pa.C.S. § 9545(b)(1) in his concise statement. Although Tierno cites 42 Pa.C.S. § 9545(b)(1)(ii) in his "Statement of Questions Presented," it is clear from the argument section in his brief that he is relying on 9545(b)(1)(iii). **See** Tierno's Brief at 2; 11-17.

[5] To the extent Tierno relies on § 9545(b)(1)(ii), judicial decisions do not equate to newly discovered facts. **See Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa. Super. 2013).

Ct. 2695 (2014). "The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature." *Id.* (citation omitted).

Generally, all PCRA petitions must be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges, and the petitioner proves, that one of the three enumerated exceptions to the time for filing requirement is met. *See* 42 Pa.C.S. § 9545(b)(1). The PCRA exceptions that allow for review of an untimely petition are as follows: (1) governmental interference; (2) the discovery of previously unknown facts; and (3) a newly-recognized constitutional right. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Based on *Armstrong*, Tierno relies on the constitutional right exception, set forth at 42 Pa.C.S. § 9545(b)(1)(iii). Section 9545(b)(2) states: "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Tierno's petition is patently untimely. This Court dismissed Tierno's appeal on December 29, 2011, and the judgment of sentence became final upon the expiration of the 30 day period for filing a notice of appeal to the Pennsylvania Supreme Court, on Monday, January 30, 2012. Therefore, Tierno had until January 30, 2013 to file a timely petition. Tierno does not dispute that his petition was untimely filed on February 23, 2015. His claim that the constitutional right exception applies to this petition fails for the following reasons.

First, subsection 9545(b)(1)(iii) applies where "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii). In **Armstrong**, the Pennsylvania Supreme Court did not recognize a new constitutional right as required by 42 Pa.C.S. § 9545(b)(1)(iii). Rather, the Court in **Armstrong** affirmed the Superior Court's discussion that dealt with a question of statutory construction of the mandatory minimum provision at 42 Pa.C.S. § 9714(a)(2). Additionally, the Pennsylvania Supreme Court has not held that **Armstrong** is to be applied retroactively to cases in which the judgment of sentence had become final. Because the **Armstrong** Court did not recognize a new constitutional right, much less one that was held to apply retroactively, Tierno cannot be awarded relief on its grounds.

Moreover, Tierno's claim has already been litigated in his first PCRA petition, where a second evidentiary hearing was held. **See Tierno**, **supra**, 81 A.3d 1005 (Pa Super. 2013) (unpublished memorandum, at 6), *appeal denied*, 83 A.3d 415 (Pa. 2014). This Court upheld the PCRA court's decision that Tierno was competently counselled that the third strike provision applied to his sentence. **Id.** at 11-12. The decision in **Armstrong** stands for the proposition that a defendant cannot be sentenced under the third strike provision where the defendant's second strike offense was committed before he was convicted and sentenced as a first strike offender. That decision does

not affect the legality of Tierno's sentence, as Tierno was already a two strike offender before his present conviction. **See** N.T., 3/29/2012, at 9-10 (convictions from crimes of violence in 1980 and 1993).

Accordingly, we agree with the PCRA court that the instant PCRA petition is without merit. Therefore, we affirm the order of the PCRA court denying Tierno's petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/23/2016