J-S73040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARCEL J. COOK | |
| Appellant | No. 548 WDA 2016 |

Appeal from the PCRA Order March 10, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000391-1986
CP-02-CR-0000530-1986

BEFORE: FORD ELLIOTT, P.J.E., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED OCTOBER 04, 2016**

Appellant Marcel J. Cook appeals from the order entered in the Allegheny County Court of Common Pleas, which dismissed his *pro se* petition filed for relief pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

This Court accurately set forth the relevant facts and procedural history of this appeal as follows:[2]

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] This Court's non-precedential decision at 1213 WDA 2014 affirmed the order of the PCRA court that dismissed Appellant's eleventh (11th) PCRA petition.

On July 22, 1986, Appellant entered a negotiated guilty plea to second-degree murder and robbery charges, which arose from the December 30, 1985 shooting of Donald Stoker by Appellant's accomplice. The court imposed a mandatory term of life imprisonment for the murder conviction and no additional penalty on the robbery count. Thereafter, Appellant attempted unsuccessfully to withdraw his guilty plea on several occasions, and repeatedly sought both PCRA and habeas relief through serial petitions. [Appellant's eleventh] petition was filed on July 6, 2012.… Appellant subsequently sought and received leave to amend his petition to seek habeas corpus relief. On February 4, 2014, Appellant filed a *pro se* Amended Petition for Writ of Habeas Corpus claiming that his sentence for a crime committed when he was nineteen[3] years of age violated the Eighth Amendment's prohibition against cruel and unusual punishment…. [The PCRA] court denied [Appellant's eleventh] petition as time barred by order dated June 25, 2014.

***Commonwealth v. Cook***, No. 1213 WDA 2014, unpublished memorandum at 1-2 (Pa.Super. filed February 10, 2015).

On February 10, 2015, this Court affirmed the PCRA court order that denied Appellant's eleventh (11th) PCRA petition. On October 10, 2015, Appellant filed another *pro se* PCRA petition, which the PCRA court dismissed on December 22, 2015. On February 2, 2016, Appellant filed the present *pro se* PCRA petition, his thirteenth. On February 25, 2016, the PCRA court issued a notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. Appellant filed a response to the court's notice, and the PCRA court dismissed the petition on March 10, 2016. On April 1, 2016, Appellant filed

---

[3] Appellant was actually twenty-five (25) years old when he committed the crime.

a timely notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

> WHETHER [APPELLANT'S] PETITION FOR POST-CONVICTION RELIEF WAS TIMELY FILED AND THEREFORE IMPROPERLY DISMISSED BY THE COURT, WHICH HAD JURISDICTION TO ENTERTAIN IT?

Appellant's Brief at 1.

The timeliness of a PCRA petition implicates the jurisdiction of both this Court and the PCRA court. **Commonwealth v. Williams**, 35 A.3d 44, 52 (Pa.Super.2011), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." **Id.** To "accord finality to the collateral review process[,]" the PCRA "confers no authority upon [appellate courts] to fashion *ad hoc* equitable exceptions to the PCRA timebar[.]" **Commonwealth v. Watts**, 23 A.3d 980, 983 (Pa.2011). With respect to jurisdiction under the PCRA, this Court has further explained:

> The most recent amendments to the PCRA...provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

**Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa.Super.2010) (citations and quotations omitted), *appeal denied*, 20 A.3d 1210 (Pa.2011);

*see also* 42 Pa.C.S. § 9545(b).  This Court may review a PCRA petition filed more than one year after the judgment of sentence becomes final only if the claim falls within one of the following three statutory exceptions, which the petitioner must plead and prove:

> (i) the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).  Further, if a petition pleads one of these exceptions, the petition will not be considered unless it is "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on July 5, 1988, when his time to appeal to our Supreme Court expired.  **See** 42 Pa.C.S. § 9545(b)(3).  Appellant's patently untimely PCRA petition, filed February 2, 2016, fails to plead and prove any of the statutory exceptions to the PCRA time bar.

Appellant attempts to invoke the constitutional right exception to the PCRA time bar provided by 42 Pa.C.S. § 9545(b)(1)(iii). He claims that he is entitled to post-conviction relief because his life sentence was unconstitutional pursuant to the Supreme Court of the United States' holdings in **Miller v. Alabama**, ___ U.S. ___, 132 S.Ct. 2455, 2469, 183 L. Ed. 2d 407 (2012) and **Montgomery v. Louisiana**, ___ U.S. ___, 136 S.Ct. 718, 724, 193 L. Ed. 2d 599 (2016), *as revised* (Jan. 27, 2016).

In **Miller**, the Supreme Court held that a life sentence without the possibility of parole for juvenile offenders violates the constitutional right provided by the Eighth Amendment of the United States Constitution to be free from cruel and unusual punishment. **Miller**, 132 S.Ct. at 2469. In **Montgomery**, the Supreme Court held that this new substantive rule applies retroactively to cases on collateral review. **Montgomery**, 136 S.Ct. at 724. Neither of these cases, nor any other United States Supreme Court or Pennsylvania Supreme Court cases, held that a life sentence for an adult offender violates one's Eighth Amendment constitutional right or that such substantive right applies retroactively.

Appellant claims that, although he was over eighteen years old when he committed his crime, the Supreme Court's holding in **Miller** should apply to him due to his delayed maturity and history of abuse. Unfortunately for Appellant, **Miller** does not create a newly-recognized constitutional right that can serve as the basis of relief for young adults. **See Commonwealth**

- 5 -

*v. Cintora*, 69 A.3d 759, 764 (Pa.Super.2013), *appeal denied*, 81 A.3d 75 (Pa.2013) (rejecting nineteen-year-old and twenty-five-year-old's claims that **Miller** extends to individuals whose brains were not fully developed at time of crimes). Further, this Court previously rejected this very claim when it affirmed the PCRA order dismissing Appellant's eleventh petition filed for relief. ***See Cook, supra.***

Because Appellant failed to plead and prove any of the statutory exceptions to the PCRA time limitation, the PCRA court correctly determined that it lacked jurisdiction to hear this untimely PCRA petition, and we likewise are without jurisdiction to hear Appellant's claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/4/2016