J. S15034/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ALFRED MEANS, | : | No. 2498 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, July 13, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0100912-1997,
CP-51-CR-1006612-1996

BEFORE:  BOWES, J., DUBOW, J. AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:  **FILED MARCH 16, 2017**

Alfred Means appeals ***pro se*** from the July 13, 2016 order dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

Following a bench trial, appellant was found guilty of first-degree murder, criminal conspiracy, possessing instruments of crime, two counts of robbery, and three counts of aggravated assault.[1]  On November 15, 2002, appellant was sentenced to an aggregate term of life imprisonment without the possibility of parole.  Appellant filed a timely direct appeal, and this court affirmed the judgment of sentence on February 13, 2004.  ***See Commonwealth v. Means***, 849 A.2d 607 (Pa.Super. 2004), ***appeal***

---

[1] 18 Pa.C.S.A. §§ 2502, 903, 907, 3701, and 2702, respectively.

*denied*, 851 A.2d 142 (Pa. 2004) (unpublished memorandum). On May 28, 2004, our supreme court denied appellant's petition for allowance of appeal. *Id.* Appellant did not file a petition for writ of *certiorari* with the United States Supreme Court.

Appellant filed the instant PCRA petition, his third, on March 23, 2016, claiming that his sentence of life imprisonment without the possibility of parole is unconstitutional pursuant to *Miller v. Alabama*, 132 S.Ct. 2455 (2012).[2] Following the issuance of a Pa.R.Crim.P. 907(1) notice, the PCRA court dismissed appellant's instant petition without a hearing on July 13, 2016.

Appellant's judgment of sentence became final for PCRA purposes on August 26, 2004, when the 90-day period for seeking discretionary review in the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). As such, the instant petition is manifestly untimely, unless appellant can plead and prove that one of the three statutory exceptions to the one-year jurisdictional time-bar applies. Appellant claims that he is entitled to be re-sentenced because his sentence is unconstitutional as violative of the Eighth Amendment under *Miller*. (Appellant's brief at 7-15.) However,

---

[2] In *Miller*, the Supreme Court recognized a constitutional right for juveniles, holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishments.'" *Miller*, 132 S.Ct. at 2460. The Supreme Court recently held that *Miller* applies retroactively. *Montgomery v. Louisiana*, 136 S.Ct. 718, 736 (2016).

appellant was **19 years old** at the time he committed the crimes in question, and therefore, ***Miller*** is inapplicable. ***Miller***, 132 S.Ct. at 2460; ***see also Commonwealth v. Cintora***, 69 A.3d 759, 764 (Pa.Super. 2013), ***appeal denied***, 81 A.3d 75 (Pa. 2013) (rejecting 19 and 22-year-old petitioners' claims as untimely and holding that ***Miller*** could not "serve as the basis for relief" to invoke the PCRA time-bar exception set forth in Section 9545(b)(1)(iii)).

Accordingly, we discern no error on the part of the PCRA court in dismissing appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2017