J. S15042/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILLIAM McCONNELL, | : | No. 1993 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, June 1, 2016,
in the Court of Common Pleas of Bucks County
Criminal Division at No. CP-09-MD-0002712-1976

BEFORE:  BOWES, J., DUBOW, J. AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:　　　**FILED MARCH 16, 2017**

William McConnell appeals ***pro se*** from the June 1, 2016 order dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On January 12, 1977, appellant entered a negotiated guilty plea to second-degree murder, burglary, and two counts of criminal conspiracy[1] in connection with the shooting death of Robert Williams.  On January 28, 1977, appellant was sentenced to an aggregate term of life imprisonment without the possibility of parole.  Appellant filed a timely direct appeal, which was ultimately withdrawn.  On July 7, 1978, appellant filed a motion to withdraw his guilty plea, which was ultimately denied by the trial court

---

[1] 18 Pa.C.S.A. §§ 2502, 3502, and 903, respectively.

on November 22, 1978. On August 7, 1981, this court affirmed appellant's judgment of sentence, and our supreme court denied appellant's petition for allowance of appeal on November 22, 1981. *See Commonwealth v. McConnell*, 435 A.2d 907 (Pa.Super. 1981), *appeal denied*, ___ A.2d ___ (Pa. 1981) (unpublished memorandum). Appellant did not file a petition for writ of *certiorari* with the United States Supreme Court.

Appellant filed the instant *pro se* PCRA petition, his fifth, on March 28, 2016, claiming that his sentence of life imprisonment without the possibility of parole is unconstitutional in light of the United States Supreme Court's decisions in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).[2] Following the issuance of a Pa.R.Crim.P. 907(1) notice, the PCRA court dismissed appellant's instant petition without a hearing on June 1, 2016.

Here, it is undisputed that appellant's judgment of sentence became final long before the effective date of the 1995 PCRA amendments, January 16, 1996. "[A] petition where the judgment of sentence became final before the effective date of the amendments shall be deemed timely if the petitioner's first petition was filed within one year of the effective date of

---

[2] In *Miller*, the Supreme Court recognized a constitutional right for juveniles, holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishments.'" *Miller*, 132 S.Ct. at 2460. In *Montgomery*, the Supreme Court recently held that its rule announced in *Miller* applies retroactively on collateral review. *Montgomery*, 136 S.Ct. at 736.

the amendments[.]" *See* Nov. 17, 1995, P.L. 1118, No. 32, § 3(1) (Spec.Sess. No. 1). Clearly, the instant petition, filed more than 20 years after the effective date of the amendments, is patently untimely, unless appellant can plead and prove that one of the three statutory exceptions to the one-year jurisdictional time-bar applies. The crux of appellant's arguments on appeal is that he is entitled to be re-sentenced because his sentence is unconstitutional as violative of the Eighth Amendment under *Miller* and *Montgomery*. (Appellant's brief at 4, 8-10.) However, appellant was admittedly **20 years old** at the time he committed the crimes in question, and therefore, these cases are inapplicable. *Miller*, 132 S.Ct. at 2460; *see also Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa.Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013) (rejecting 19 and 22-year-old petitioners' claims as untimely and holding that *Miller* could not "serve as the basis for relief" to invoke the PCRA time-bar exception set forth in Section 9545(b)(1)(iii)).

Accordingly, we discern no error on the part of the PCRA court in dismissing appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2017