J-S15004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| SHAWN SAUNDERS | |
| Appellant | No. 3132 EDA 2016 |

Appeal from the PCRA Order August 15, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001537-2000

BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 24, 2017**

Shawn Saunders appeals from the August 15, 2016 order denying a petition seeking PCRA relief.[1]  We affirm.

Based upon the following events, a jury convicted Appellant of second degree murder, robbery, conspiracy, and possession of a unlicensed firearm. On October 18, 1999, Appellant, Omar Davis, and David Burroughs traveled together to Ninth and Lincoln Streets in Chester so that Davis could purchase marijuana.  On the way, Appellant, who was armed with a gun,

_____

[1] In the August 15, 2016 order, the court denied a separate *habeas corpus* petition that Appellant had filed.  The appeal from the denial of that petition is also pending before this panel.  Although the appeals are from the same order, that order disposed of separate requested for post-conviction relief. Accordingly, we have not consolidated them for review.

informed his cohorts that he intended to rob the individual who was going to sell Davis the controlled substance. When they arrived at their destination, Appellant put on a ski cap and covered his face. Appellant, Davis, and Burroughs encountered Cleven Pender and Shammer Thomas. Davis rifled through Thomas' pockets, and Appellant told Pender to give him money. When Pender started to back away, Appellant shot Pender in the chest, killing him. Appellant was twenty-two years old when he murdered Pender.

Appellant was convicted on March 9, 2001, and, on April 9, 2001, he was sentenced to life imprisonment. On August 27, 2002, we affirmed, **Commonwealth v. Saunders**, 809 A.2d 964 (Pa.Super. 2002) (unpublished memorandum), and our Supreme Court denied allowance of appeal on December 2, 2003. **Commonwealth v. Saunders**, 839 A.2d 352 (Pa. 2003). No further review was sought.

Appellant filed a timely PCRA petition on February 7, 2005, and counsel was appointed. Counsel was allowed to withdraw and relief was denied. Appellant did not appeal. On August 14, 2009, Appellant filed a second PCRA petition, which was dismissed as untimely. On appeal, we affirmed. **Commonwealth v. Saunders**, 15 A.3d 538 (Pa.Super. 2010) (unpublished memorandum).

Appellant filed a third PCRA petition on March 15, 2012, claiming that he was entitled to relief under **Miller v. Alabama**, 132 S.Ct. 2455 (2012), wherein the United States Supreme Court held that it was unconstitutional,

under the Eighth Amendment's prohibition against cruel and unusual punishment, to sentence a juvenile homicide offender to a mandatory term of life imprisonment without parole. Relief was denied, and we affirmed. ***Commonwealth v. Saunders***, 102 A.3d 519 (Pa.Super. 2014) (unpublished memorandum). In this third ***Saunders*** decision, we concluded that Appellant's judgment of sentence became final on March 1, 2004, ninety days after our Supreme Court denied review, and that Appellant had until March 1, 2005 to present a timely PCRA petition. We observed that Appellant's petition was not timely. We also held that the ***Miller*** decision did not apply to him because he was an adult when he committed the murder in question. ***See Commonwealth v. Cintora,*** 69 A.3d 759 (Pa.Super. 2013) (***Miller*** does not apply to homicide offenders who are eighteen years of age or older when they committed the murder).

Next, Appellant filed a motion arguing that the court had no authority to impose its sentence and seeking facts regarding its decision. The motion was treated as a fourth PCRA petition and denied as untimely. We once again affirmed the denial of relief, agreeing that the motion was an untimely PCRA petition. ***Commonwealth v. Saunders***, 122 A.3d 1126 (Pa.Super. 2015) (unpublished memorandum).

On April 11, 2016, Appellant filed the present PCRA petition, his fifth one. He once again invoked the ***Miller*** decision, which had been accorded retroactivity on January 27, 2016 in ***Montgomery v. Louisiana,*** 136 S.Ct.

718 (2016). On August 15, 2016, an order was issued denying the fifth petition. The Court held that Appellant was not entitled to relief under *Miller* because he was an adult when he committed the murder and because the matter was already litigated in Appellant's fourth PCRA petition. This appeal followed. Appellant raises this argument as to the denial of his fifth PCRA petition:

> 1. Whether the PCRA Court erred in denying Appellant's Post -Conviction Relief Delineated in 42 Pa.C.S. § 9545(b)(iii) & (2)?
>
> II. Whether the PCRA Court erred in denying Appellant's asserted Constitutional right guaranteed by the United States Constitutional 8th & 14th Amendments in conjunction with Pennsylvania Constitution Art. 1 § 13, and the United Nations' Universal Declaration of Human Rights Art. 7; whereas, Appellant has a Right to Be free from cruel and unusual punishment, Due Process of law, and equal protection of the laws?

Appellant's brief at 4.

Initially, we note that this Court reviews the "denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Roane*, 142 A.3d 79, 86 (Pa. Super. 2016) (quoting *Commonwealth v. Treiber,* 121 A.3d 435, 444 (Pa. 2015)). Appellant once against seeks relief under *Miller*, suggesting that when he committed the crime, he lacked the mental development and maturity that the *Miller* decision relied upon in its ruling that juvenile

- 4 -

homicide offenders cannot automatically be sentenced to life imprisonment without parole.

Our case law currently holds that **Miller** is inapplicable to anyone eighteen years of age or older, and we have rejected the same arguments now presented by Appellant. **Cintora**, **supra**. Moreover, a PCRA petitioner cannot obtain relief based upon an issue that has been previously litigated. 42 Pa.C.S. § 9543(a)(3) ("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following . . . . [t]hat the allegation of error has not been previously litigated[.]"). The PCRA also provides that "an issue has been previously litigated if . . . . it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S. § 9544(a)(3). In the previous proceeding collaterally attacking this conviction, we held that **Miller** did not apply to Appellant since he was over eighteen when he shot Pender. Thus, Appellant's entitlement to relief under that decision has been previously litigated, and he is not eligible for relief on its basis. The PCRA court did not abuse its discretion, and we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/24/2017