J. S42044/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
PERCY PEREZ, : No. 1800 MDA 2016
:
Appellant :


Appeal from the Order Entered, September 29, 2016,
in the Court of Common Pleas of Berks County
Criminal Division at No. CP-06-CR-0001073-1997


BEFORE: OLSON, J., MOULTON, J., AND FORD ELLIOTT, P.J.E.


JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.: **FILED JULY 18, 2017**

Percy Perez appeals **pro se** from the September 29, 2016 order dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

On November 7, 2007, a jury found appellant guilty of second-degree murder, rape, and related offenses[1] in connection with the sexual assault and death of M.F., a 16-month-old child. **See Commonwealth v. Perez**, 742 A.2d 208 (Pa.Super. 1999) (unpublished memorandum at 1-4), **appeal denied**, 757 A.2d 931 (Pa. 2000). Following a direct appeal, this case was remanded for re-sentencing on June 9, 1999. On June 26, 2000, the trial court re-sentenced appellant to an aggregate term of life imprisonment.

---

[1] 18 Pa.C.S.A. §§ 2502, 3121, 3123, 2701, and 4304, respectively.

Appellant filed his first PCRA petition on January 11, 2001. On March 28, 2016, appellant filed the instant *pro se* PCRA petition, claiming that his sentence of life imprisonment is unconstitutional in light of the United States Supreme Court's decisions in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).[2] Following the issuance of a Pa.R.Crim.P. 907(1) notice, the PCRA court dismissed appellant's petition without a hearing on September 29, 2016.

The record reveals that appellant's petition, which was filed over a decade after his judgment of sentence became final, is patently untimely, unless appellant can plead and prove that one of the three statutory exceptions to the one-year jurisdictional time-bar applies. *See* 42 Pa.C.S.A. § 9545(b)(1) (stating that all PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final); 42 Pa.C.S.A. § 9545(b)(3) (stating, "[a] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review.").

---

[2] In *Miller*, the Supreme Court recognized a constitutional right for juveniles, holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishments.'" *Miller*, 132 S.Ct. at 2460. In *Montgomery*, the Supreme Court recently held that its rule announced in *Miller* applies retroactively on collateral review. *Montgomery*, 136 S.Ct. at 736.

The crux of appellant's argument on appeal is that he is entitled to be re-sentenced because his sentence violates the Eighth and Fourteenth Amendments under **Miller** and **Montgomery**. (Appellant's brief at 8.) However, the record reveals that appellant was born on July 1, 1977 and was **19 years old** at the time he committed the crimes in question. As such, these cases are inapplicable. **Miller**, 132 S.Ct. at 2460; **see also Commonwealth v. Cintora**, 69 A.3d 759, 764 (Pa.Super. 2013), **appeal denied**, 81 A.3d 75 (Pa. 2013) (rejecting 19 and 22-year-old petitioners' claims as untimely and holding that **Miller** could not "serve as the basis for relief" to invoke the PCRA time-bar exception set forth in Section 9545(b)(1)(iii)).

Accordingly, we discern no error on the part of the PCRA court in dismissing appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2017