J-S68006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DAVID MENGEL | : | |
| | : | |
| Appellant | : | No. 29 MDA 2017 |

Appeal from the PCRA Order November 30, 2016
In the Court of Common Pleas of Berks County Criminal Division at No(s):
CP-06-CR-0001331-2008

BEFORE:   LAZARUS, J., DUBOW, J., and STRASSBURGER*, J.

JUDGMENT ORDER BY LAZARUS, J.:          **FILED OCTOBER 27, 2017**

David Mengel appeals from the trial court's order dismissing his petition filed pursuant to the Post Conviction Collateral Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On July 24, 2008, Mengel entered a guilty plea to involuntary deviate sexual intercourse, aggravated indecent assault of a child, and incest.  He was sentenced, on October 21, 2008, to an aggregate term of 10-20 years' imprisonment.  No post-sentence motions or direct appeal were filed.  On October 20, 2014, Mengel filed the instant *pro se* PCRA petition claiming that the mandatory minimum statute under which he was sentenced, 18 Pa.C.S. § 9718, is unconstitutional and his sentence, therefore, is illegal.  Counsel was appointed and subsequently filed a petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.3d 213 (Pa. Super. 1988); the court granted counsel's

_____

*   Retired Senior Judge assigned to the Superior Court.

petition. After being granted an extension of time to file an objection to the court's Pa.R.Crim.P. 907 notice of intent to dismiss his petition, Mengel filed an objection on October 31, 2016. On November 30, 2016, the court dismissed Mengel's petition. This appeal follows.

As the trial court recognizes, Mengel's judgment of sentence became final on November 21, 2008, after the time expired for him to file a direct appeal. Pa.R.A.P. 903(a). Thus, he had one year from that date, or until November 21, 2009, to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). Here, Mengel did not file his petition until October 20, 2014 -- almost 6 years later. Therefore, Mengel's petition is facially untimely and the PCRA court has no jurisdiction to entertain his petition unless he establishes one of the exceptions to the PCRA jurisdictional time bar.

Mengel's petition does not prove an exception to the time bar;[1] thus, he is entitled to no relief. While **Commonwealth v. Wolfe**, 140 A.3d 651 (Pa.

---

[1] Mengel argues that because his petition was filed within 60 days of **Commonwealth v. Neumann**, 99 A.3d 86 (Pa. Super. 2014) (decided August 20, 2014), he meets the "newly discovered facts" exception to the PCRA. In **Neumann**, our Court found that 42 Pa.C.S. § 9712.1(c) was not severable with the remainder of the mandatory minimum statute and, thus, was rendered unconstitutional by **Alleyne v. United States**, 133 S. Ct. 2151 (2013). **See infra** n.2. However, in **Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa. Super. 2013), we stated that "[o]ur Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." **See also Commonwealth v. Watts**, 23 A.3d 980 (Pa. 2011) (holding that subsequent decisional law does not amount to new "fact" for purposes of invoking section 9545(b)(1)(ii) of PCRA).

2016), deemed section 9718 unconstitutional on its face, the fact remains that Mengel's sentence was not illegal when imposed, he was sentenced under the statute in justifiable reliance upon existing United States Supreme Court precedent that it was constitutional, and the statute is not a nullity. Therefore, Mengel's sentence can be only considered illegal now if *Alleyne v. United States*, 133 S. Ct. 2151 (2013),[2] is held to apply retroactively. That is simply not the case. In *Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016*)*, our Supreme Court clearly held that *Alleyne* does not apply retroactively to cases pending on collateral review. Moreover, pursuant to *Commonwealth v. Riggle*, 119 A.3d 1058, 1064 (Pa. Super. 2015), *Alleyne* does not meet the new constitutional right exception to the PCRA time bar and, as such, *Alleyne* will only be applied to cases pending on direct appeal when *Alleyne* was issued. Here, Mengel's judgment of sentence became final five years *before* *Alleyne* was decided.

Accordingly, Mengel is not entitled to relief; the trial court lacked jurisdiction to consider his petition and properly dismissed it as untimely. *Commonwealth v. Taylor*, 65 A.3 462, 465 (Pa. Super. 2013) ("although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition.").

Order affirmed.

---

[2] In *Alleyne*, the United States Supreme Court held that an element of an offense that increases the mandatory minimum sentence must be found by a jury beyond a reasonable doubt. 133 S. Ct. at 2155.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2017