J-S67026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                               :           PENNSYLVANIA
                               :
            v.                 :
                               :
                               :
                               :
RAYMOND LOPEZ                  :
                               :
            Appellant          :   No. 646 EDA 2018

Appeal from the PCRA Order February 16, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0808931-2001

BEFORE: OTT, J., NICHOLS, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY NICHOLS, J.:          **FILED DECEMBER 27, 2018**

Appellant Raymond Lopez appeals from the order dismissing his second

Post Conviction Relief Act[1] (PCRA) petition as untimely.  Appellant contends

his petition is timely under ***Miller v. Alabama***, 567 U.S. 460 (2012).  We

affirm.

Because we write for the parties, we need not reiterate the factual and

procedural background of this matter.  Appellant acknowledges he was thirty

years old at the time he murdered the victim.  Appellant's Brief at 16.  The

PCRA court docketed Appellant's second PCRA petition on June 9, 2014.

Appellant subsequently requested to withdraw that petition in a letter dated

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

February 24, 2016, but the PCRA court did not act on his request. The PCRA court docketed Appellant's subsequent PCRA petition—invoking **Miller**—on February 29, 2016,[2] which the court construed as a supplemental filing to his June 9, 2014 petition. PCRA Ct. Op., 5/30/18, at 2. The PCRA court issued a Pa.R.Crim.P. 907 notice, Appellant did not file a response, and the court dismissed Appellant's petition on February 16, 2018. Appellant timely appealed, and the court did not order him to comply with Pa.R.A.P. 1925.

After careful review of the record, the parties' briefs, and the PCRA court's decision, we agree with the PCRA court that Appellant cannot invoke **Miller** as an exception to the PCRA's one-year time-bar exception because he was beyond his eighteenth birthday when he murdered the victim. 42 Pa.C.S. § 9545(b)(1)(iii); **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016) (holding that a defendant beyond his eighteenth birthday when he murdered the victim cannot invoke **Miller** as a time-bar exception). Similarly, we cannot accept Appellant's contentions that his alleged mental deficiencies and his equal protection challenge have been held to apply retroactively such that they could overcome the PCRA's time-bar. **See Commonwealth v. Cintora**, 69 A.3d 759, 764 (Pa. Super. 2013) (holding defendant must comply with PCRA's timeliness requirements to raise equal protection claim); **cf.**

---

[2] Appellant's petition was filed within sixty days of **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016), which held **Miller** applies retroactively to cases on state collateral review.

*Furgess*, 149 A.3d at 94 (rejecting argument that defendant's "immature brain development" made him eligible for relief under *Miller*). Accordingly, having discerned no error of law, we affirm the order dismissing Appellant's second PCRA petition. *See Furgess*, 149 A.3d at 93.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/18