J-A21026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CORDELL DUANE BROADUS, | |
| Appellant | No. 1546 WDA 2016 |

Appeal from the PCRA Order September 22, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011023-2001

BEFORE:  BENDER, P.J.E., OLSON, J., and STABILE, J.

MEMORANDUM BY OLSON, J.:                **FILED SEPTEMBER 18, 2017**

Appellant, Cordell Duane Broadus, appeals *pro se* from the order entered on September 22, 2016, dismissing as untimely his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  A jury convicted Appellant of first-degree murder for shooting a man in the Lincoln-Lemmington area of the City of Pittsburgh in 2001. Appellant was almost 20 years old at the time of the shooting.  On May 1, 2002, the trial court sentenced Appellant to life imprisonment.  We affirmed Appellant's judgment of sentence on January 20, 2004 and our Supreme Court denied further review.  ***See Commonwealth v. Broadus***, 847 A.2d 755 (Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 872

A.2d 171 (Pa. 2005). In July 2006, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel who filed an amended PCRA petition. The PCRA court ultimately denied relief without an evidentiary hearing. On December 16, 2009, we affirmed that decision and our Supreme Court denied further review. ***See Commonwealth v. Broadus***, 990 A.2d 37 (Pa. Super. 2009), *appeal denied*, 996 A.2d 1067 (Pa. 2010), *certiorari denied*, 562 U.S. 1068 (2010). In December 2010, Appellant filed a second *pro se* PCRA petition. The PCRA court dismissed the petition as untimely, we affirmed that decision, and our Supreme Court denied further review. ***See Commonwealth v. Broadus***, 60 A.3d 578 (Pa. Super. 2012), *appeal denied*, 63 A.3d 1243 (Pa. 2013). Appellant filed his third *pro se* PCRA petition in August 2012. The PCRA court dismissed the petition, we affirmed, and Appellant did not seek further review. ***See Commonwealth v. Broadus***, 2013 WL 11255484 (Pa. Super. 2013).

Most recently, Appellant filed his fourth *pro se* PCRA petition on February 16, 2016 and an amended PCRA petition on February 24, 2016. The PCRA court appointed counsel, who subsequently petitioned to withdraw. On June 28, 2016, the PCRA court granted counsel permission to withdraw. By order entered on September 22, 2016, the PCRA court dismissed Appellant's fourth, amended PCRA petition as untimely and not

subject to an exception to the PCRA's one-year jurisdictional time-bar. This appeal resulted.[1]

On appeal, Appellant presents the following issue for our review:

Was Appellant denied his rights under the Eighth Amendment to the United States Constitution and Article I, Section 26 of the Pennsylvania Constitution, where Appellant seeks vacation of the life sentence and imposition of a new constitutional sentence based on the United States Supreme Court's recent decision in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016) [and *Miller v. Alabama*, 132 S. Ct. 2455 (2012)[2]]?

Appellant's Brief at 4.

Before we may consider the merits of Appellant's claim, we must determine whether there is jurisdiction to consider the PCRA petition. "The timeliness of a post-conviction petition is jurisdictional." *Commonwealth v. Furgess*, 149 A.3d 90, 92 (Pa. Super. 2016) (citation omitted). Generally,

---

[1] Appellant filed a notice of appeal on October 7, 2016. On October 19, 2016, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on April 27, 2017.

[2] "In *Miller,* the Supreme Court held that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments." *Commonwealth v. Knox*, 50 A.3d 732, 744 (Pa. Super. 2012). "Because Pennsylvania's sentencing scheme mandates life imprisonment without the possibility of parole for juveniles convicted of second-degree murder, it is clearly unconstitutional under *Miller*." *Id.* The *Montgomery* Court subsequently determined that *Miller* retroactively applied to cases on collateral review. *See Commonwealth v. Secreti*, 134 A.3d 77, 81 (Pa. Super. 2016).

a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment became final unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b)(1) of the PCRA. *Id.* Here, Appellant's judgment of sentence became final in 2005, after our Supreme Court denied review and the period to petition the United States Supreme Court subsequently expired. *See* 42 Pa.C.S.A. §9545(b)(3); U.S. Supreme Court Rule 13. Appellant's current PCRA petition filed in February 2016, is patently untimely.

Without reference or argument to the PCRA's timeliness requirements, Appellant contends he is entitled to review because of a new constitutional right[3] recognized in *Miller*/*Montgomery*. Appellant's Brief at 8. The PCRA court determined that *Miller*/*Montgomery* did not apply to Appellant, because "a careful examination of the record reveal[ed] that [Appellant's] date of birth is August 9, 1981 and he was 19 years and 10 months old at the time of the offense on June 25, 2001." PCRA Court Opinion, 4/27/2017, at 4. In his appellate brief, Appellant concedes he was over the age of 18 at the time of the crime. *See* Appellant's Brief at 9. However, he contends that the *Miller*/*Montgomery* line of cases "should be applied to him and

---

[3] *See* 42 Pa.C.S.A. § 9543(b)(1)(iii).

other[s] similarly situated […] who are psychosocially immature" and under the age of 25. *Id.* at 14.

We have previously rejected this precise claim in our decision in *Furgess*:

> The *Miller* decision applies to only those defendants who were under the age of 18 at the time of their crimes.
>
> *          *          *
>
> [Furgess] argues that he nevertheless may invoke *Miller* because he was a "technical juvenile," and he relies on neuroscientific theories regarding immature brain development to support his claim that he is eligible for relief. But, rather than presenting an argument that is within the scope of the *Miller* decision, this argument by [Furgess] seeks an *extension* of *Miller* to persons convicted of murder who were older at the time of their crimes than the class of defendants subject to the *Miller* holding.
>
> We rejected reliance on this same argument for purposes of Section 9545(b)(1)(iii) in *Commonwealth v. Cintora*, 69 A.3d 759 (Pa. Super. 2013). The defendants in *Cintora* were 19 and 21 years old at the times of their crimes, but they argued that *Miller* should apply to them and others whose brains were not fully developed at the time of their crimes. We stated that a contention that a newly-recognized constitutional right *should* be extended to others does not render a petition seeking such an expansion of the right timely pursuant to section 9545(b)(1)(iii).
>
> We also pointed out in *Cintora* that the right recognized in *Miller* had not been held to apply retroactively at the time of that decision and that its non-retroactivity would have been an alternative basis for denial of relief. 69 A.3d at 764 n. 4. Because the U.S. Supreme Court in *Montgomery* has since held that *Miller* does apply retroactively, this second reason stated in the *Cintora* opinion is no longer good law. However, nothing in *Montgomery* undermines *Cintora*'s holding that petitioners who were older than 18 at the time they committed murder are not within the ambit of the *Miller* decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii). Accordingly, *Cintora*

- 5 -

remains controlling on this issue, and [Furgess'] assertion of the time-bar exception at Section 9545(B)(1)(iii) must be rejected.

*Furgess*, 149 A.3d at 94 (Pa. Super. 2016) (citations, original brackets, and most quotations omitted; emphasis in original).

Based upon all of the foregoing, the PCRA court properly dismissed Appellant's PCRA petition for lack of jurisdiction, not subject to an exception under the PCRA. Accordingly, we affirm the PCRA court's order denying Appellant relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2017