J-S37025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT ALLEN BITTINGER | |
| Appellant | No. 1630 MDA 2016 |

Appeal from the PCRA Order September 6, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-MD-0000520-1985

BEFORE:  STABILE, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:               **FILED SEPTEMBER 26, 2017**

Robert Allen Bittinger appeals, *pro se*, from the September 6, 2016 order entered in the Dauphin County Court of Common Pleas dismissing as untimely his second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  We affirm.

On March 13, 1985, Bittinger pled guilty to first-degree murder and criminal conspiracy[1] in connection with the contract killing of his co-worker's wife.  By the terms of the plea agreement, the trial court sentenced Bittinger to mandatory life imprisonment for murder and a consecutive 10 to 20 years' incarceration for criminal conspiracy.  In 1986, this Court affirmed the judgment of sentence as to first-degree murder but vacated and remanded

_____

[1] 18 Pa.C.S. §§ 2502(a) and 903, respectively.

for resentencing on the conspiracy sentence. On May 14, 1986, the trial court resentenced Bittinger to 5 to 10 years' incarceration on the criminal conspiracy charge, to run consecutive to the first-degree murder term. Bittinger appealed and, on October 31, 1986, we affirmed his judgment of sentence.

On November 20, 1987, Bittinger filed a *pro se* petition under the Post Conviction Hearing Act ("PCHA"), now known as PCRA. The trial court appointed counsel, who filed an amended PCHA petition. On June 14, 1988, the trial court held a hearing on Bittinger's PCHA petition. The PCHA court dismissed the petition on August 1, 1988, and on March 9, 1989, this Court affirmed.

On March 28, 2016, Bittinger filed his second PCRA petition, which he later amended. On July 6, 2016, the PCRA court notified Bittinger of its intention to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907. On September 6, 2016, the PCRA court dismissed Bittinger's petition without a hearing. Bittinger timely appealed.

Bittinger raises the following issue on appeal:

> Whether a legal minor in Pennsylvania pursuant to Pa.C.S. Title 1 § 1991 may utilize 42 Pa.C.S. § 9545(b)(iii)'s new retroactive Constitutional ruling exception when he received a mandatory life without the possibility for parole sentence for a crime committed when he was 19 years of age under the rule announced in ***Montgomery [v.] Louisiana***, 136 S.Ct. 718 (2016)[.]

Bittinger's Br. at 4.

- 2 -

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa.Super. 2015), *app. denied*, 125 A.3d 1197 (Pa. 2015). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

This Court affirmed Bittinger's judgment of sentence on October 31, 1986. He did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. Bittinger's current petition, filed on March 28, 2016, is therefore facially untimely.

To overcome the time bar, Bittinger was required to plead and prove one of the following exceptions: (i) unconstitutional interference by government officials; (ii) newly discovered facts that could not have been previously ascertained with due diligence; or (iii) a newly recognized constitutional right that has been held to apply retroactively. ***See*** 42

Pa.C.S. § 9545(b)(1)(i)-(iii). To invoke one of these exceptions, Bittinger must have filed his petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).

In his PCRA petition, Bittinger argued his petition was timely because he asserted a constitutional right that was held to apply retroactively. Bittinger relied on the United States Supreme Court's decisions in ***Miller v. Alabama***, 132 S.Ct. 2455 (2012), and ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016). In ***Miller***, the Supreme Court held that a sentence of life imprisonment without the possibility of parole was unconstitutional when imposed upon defendants who were "under the age of 18 at the time of their crimes." 132 S.Ct. at 2460. In ***Montgomery***, the Supreme Court held that the ***Miller*** decision applied retroactively to cases on state collateral review. ***Montgomery***, 136 S.Ct. at 736.

Here, Bittinger was 19 years old at the time he committed the murder for which he was convicted.[2] We have held that ***Miller***'s prohibition of life-without-parole sentences does not apply to those who were not juveniles at the time of the offense. ***See Commonwealth v. Cintora***, 69 A.3d 759, 764 (Pa.Super. 2013) (concluding that, for appellants, who were 19 and 21 at time of offense, "the holding in ***Miller*** does not create a newly-recognized

---

[2] Bittinger was born on April 21, 1964, and committed the offenses at issue on April 19, 1984.

- 4 -

constitutional right that can serve as the basis for relief");[3] ***see also***

***Commonwealth v. Furgess***, 149 A.3d 90, 94 (Pa.Super. 2016)

(reaffirming ***Cintora***'s holding that petitioners who were 18 or older "at the

time they committed murder are not within the ambit of the ***Miller*** decision

and therefore may not rely on that decision to bring themselves within the

time-bar exception").

Because Bittinger was 19 years old at the time of the offenses, ***Miller***

does not apply, and Bittinger has failed to satisfy the new constitutional right

exception to the PCRA time bar. Therefore, the PCRA court did not err in

dismissing the petition.

Order affirmed.

_____

[3] In ***Cintora***, this Court rejected the appellants' argument that it would violate the equal protection clause to not grant relief pursuant to ***Miller***. The appellants argued that ***Miller*** should apply to those under the age of 25 "because ***Miller*** created a new Eighth Amendment right, that those whose brains were not fully developed at the time of their crimes are free from mandatory life without parole sentences, and because research indicates that the human mind does not fully develop or mature until the age of 25." 69 A.3d at 764. We noted that the appellants' "contention that a newly-recognized constitutional right **should** be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii)." ***Id.*** (emphasis in original).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2017