J-S56040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES HILLER, | |
| Appellant | No. 3274 EDA 2016 |

Appeal from the PCRA Order September 22, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0904821-1990

BEFORE:  BOWES, J., STABILE, J., and PLATT, J.*

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 12, 2017**

Appellant, Charles Hiller, appeals *pro se* from the order dismissing his third serial petition brought pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  The PCRA court denied Appellant's petition, filed seventeen years after his judgment of sentence became final, as facially untimely with no statutory exception to the time bar pleaded and proven.  Appellant claims the benefit of ***Miller v. Alabama,*** 567 U.S. 460 (2012) through ***Montgomery v. Louisiana***, 136 S. Ct. 718, *as revised* (Jan. 27, 2016).  We affirm.

Appellant, born September 22, 1971, does not dispute that on July 13, 1990, when he was eighteen years of age (two months before his nineteenth

_____

* Retired Senior Judge assigned to the Superior Court.

birthday), he fatally shot the victim, Joseph Gibson. At the same time, Appellant also shot at a second person, Blaylan Freeman. A jury convicted him of murder of the first degree, aggravated assault, possession of an instrument of crime, and recklessly endangering another person. The trial court sentenced him to life imprisonment plus a consecutive term of not less than seven and one-half nor more than fifteen years of incarceration. This Court affirmed the judgment of sentence on February 3, 1994. Our Supreme Court denied allowance of appeal on December 27, 1994. Appellant filed two previous PCRA petitions which did not result in relief.

On August 21, 2012, over seventeen years later, Appellant filed the instant third PCRA petition, *pro se*. In response to the PCRA court's notice of intent to dismiss, as untimely, pursuant to Pa.R.Crim.P. 907, Appellant filed two amended petitions. The court dismissed the petition (as amended) on September 22, 2016. This timely appeal followed, on October 18, 2016.[1]

Appellant raises one question for our review:

> [1.] Did the PCRA court commit an error of law where it failed to conduct the proper analysis in determining the substantive nature of [Appellant's] claim of cruel & unusual punishment under the 8th amendment, where ***Miller v. Alabama*** and ***Montgomery v.*** [***Louisiana***], bars the imposition of a [mandatory] life without parole sentence for juveniles and adolescents without first considering the mitigating factors of youth?

---

[1] The court did not order a statement of errors. The court filed its opinion on January 24, 2017. ***See*** Pa.R.A.P. 1925.

- 2 -

(Appellant's Brief, at 1) (unnecessary capitalization omitted).[2]

Our standard and scope of review are well-settled.

> On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. [Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

\* \* \*

> We note the timeliness of a PCRA petition implicates the jurisdiction of this Court and the PCRA court. Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar[.] This is to accord finality to the collateral review process. A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met. The [A]ct provides, in relevant part, as follows.

**§ 9545. Jurisdiction and proceedings**

\* \* \*

> (b) Time for filing petition.—

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

---

[2] Appellant numbers eight sequential pages as "1." The question appears on the sixth of the eight "1" pages.

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

*Commonwealth v. Medina*, 92 A.3d 1210, 1214–15 (Pa. Super. 2014) (*en banc*) (case citations, internal quotation marks and other incidental punctuation omitted).

Here, Appellant filed the instant petition over seventeen years after his judgment was final. Therefore, it is untimely on its face unless Appellant can plead and prove a statutory exception to the time-bar. However, Appellant does not attempt to prove an explicit exception to the PCRA time-bar.

Instead he argues, in somewhat meandering fashion, that scientific studies of human brain development as a gradual process extending into the mid-twenties entitle him to a remand. He wants an evidentiary hearing to

show that at eighteen, when he committed the murder, his brain was still immature. He maintains that because his brain was still immature when he committed the murder, he is entitled to the benefit of **Miller**, **supra**.[3] Notably, **Miller** expressly applies only to those defendants who were "**under the age of 18 at the time of their crimes[.]**" **Miller**, **supra** at 465 (emphasis added).[4]

Thus, Appellant's argument asks for an **extension** of **Miller**. It does not plead and prove an exception to the time-bar. **See Commonwealth v. Cintora**, 69 A.3d 759, 764 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013) (contention that newly-recognized constitutional right in **Miller**

---

[3] In pertinent part, the **Miller** Court held that mandatory-sentencing schemes requiring that all **children** convicted of homicide receive lifetime incarceration without possibility of parole, violate the Eighth Amendment's ban on cruel and unusual punishment. **See Miller**, **supra** at 489.

[4] Moreover, Appellant's "where do you draw the line" argument, even if timely and otherwise reviewable, would not merit relief. The claim has already been raised and rejected for the issue of capital punishment. **See Roper v. Simmons**, 543 U.S. 551 (2005):

> Drawing the line at 18 years of age is subject, of course, to the objections always raised against categorical rules. The qualities that distinguish juveniles from adults do not disappear when an individual turns 18. . . . For the reasons we have discussed, however, a line must be drawn. . . . The age of 18 is the point where society draws the line for many purposes between childhood and adulthood. It is, we conclude, the age at which the line for death eligibility ought to rest.

**Id.** at 574.

**should be extended** to others eighteen or over does not render petition timely pursuant to section 9545(b)(1)(iii)); **accord**, **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016) (citing **Cintora**, **supra**).

Appellant fails to plead and prove a statutory exception to the PCRA time-bar. The PCRA court properly dismissed his petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/17