J-S15011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM J. WELCH | |
| Appellant | No. 2883 EDA 2017 |

Appeal from the PCRA Order entered August 10, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-1106141-1987

BEFORE: STABILE, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.: **FILED MAY 30, 2018**

Appellant, William J. Welch, appeals from the August 10, 2017 order of the Court of Common Pleas of Philadelphia County, dismissing his first[1] amended petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The factual and procedural background are not in dispute. Briefly, on October 4, 1987, Appellant was arrested and charged with murder and related offenses. On February 10, 1988, a jury found Appellant guilty of first-degree

---

[1] It is unclear from the record whether the instant PCRA petition, filed in 2012, was Appellant's first one. The PCRA court noted, "[d]ue to the age of this case, this [c]ourt cannot determine whether [Appellant] filed a previous PCRA petition. This [c]ourt, therefore, treats the instant PCRA petition as his first." PCRA Court Opinion, 8/10/17, at 1 n.2. The Commonwealth does not dispute the PCRA court's characterization of the instant petition. Accordingly, we will to treat the instant petition as Appellant's first PCRA petition.

murder, robbery, and theft by unlawful taking. On September 26, 1988, the trial court imposed a sentence of life imprisonment without parole for the murder conviction, and a concurrent term of five to twenty years for robbery. At the time of the murder, Appellant was 21 years old.

Appellant filed a direct appeal with this Court. On April 17, 1989, we affirmed his judgment of sentence. On August 9, 2012, Appellant filed a *pro se* PCRA petition. On July 3, 2017, through appointed counsel, Appellant filed an amended petition.[2] On July 6, 2017, upon review, the PCRA court filed a notice of intent to dismiss under Pa.R.Crim.P. 907. On August 10, 2017, the PCRA court dismissed the instant petition. This appeal followed.

Appellant raises only one issue for our consideration. Namely, Appellant asks us to extend the holding of **Miller v. Alabama**, 132 S.Ct. 2455 (2012),[3] to those who were less than 25 years old at the time of the underlying crime. We decline to do so.

---

[2] Neither the parties nor the PCRA court explains the approximately five-year delay in addressing the instant petition.

[3] In **Miller**, the U.S. Supreme Court held that "mandatory life without parole for those *under the age of 18 at the time of their crimes* violates the Eighth Amendment's prohibition on 'cruel and unusual' punishments." **Miller**, 132 S.Ct. at 2460 (emphasis added). In **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), the Unites States Supreme Court held that **Miller** was a new substantive rule that, under the United States Constitution, must be retroactive in cases on state collateral review. **Montgomery**, 136 S.Ct. at 736.

We have addressed the very same issue on numerous occasions. We have repeatedly held that *Miller* does not apply to defendants who were eighteen or older when they committed murder. *See*, *e.g.*, *Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016). As noted above, Appellant was 21 years old at the time of the underlying crimes. Accordingly, Appellant has no relief under *Miller*.

Appellant also argues that he is due relief because equal protection requires that adults are entitled to the same protection as juveniles. We disagree. Appellant is not similarly situated to the juvenile offenders at issue in *Miller*. Indeed, the crux of *Miller*'s holding is that children and adults are "constitutionally different . . . for purposes of sentencing." *Miller,* 132 S.Ct. at 2464. In light of his age at the time he committed the underlying crimes, Appellant is not similarly situated to the juvenile offenders at issue in *Miller*. The claim, therefore, is meritless. *See City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985) (explaining that the Equal Protection Clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike.").

Appellant finally argues that despite the fact he was an adult at the time of the crimes, *Miller* should be applied to him because his brain, as is the case in juveniles, was not fully developed. We rejected a similar contention in *Commonwealth v. Cintora*, 69 A.3d 759 (Pa. Super. 2013). In *Cintora*,

two appellants, who were nineteen and twenty-one years of age at the time of their underlying crimes, and were sentenced to life imprisonment, claimed:

> [T]hat because *Miller* created a new Eighth Amendment right, that those whose brains were not fully developed at the time of their crimes are free from mandatory life without parole sentences, and because research indicates that the human mind does not fully develop or mature until the age of 25, it would be a violation of equal protection for the courts to treat them or anyone else with an immature brain, as adults. Thus, they conclude that the holding in *Miller* should be extended to them as they were under the age of 25 at the time of the murder and, as such, had immature brains.

*Cintora*, 69 A.3d at 764. In rejecting the argument, we concluded that "[a] contention that a newly-recognized constitutional right *should* be extended to others does not render their petition timely pursuant to [S]ection 9545(b)(1)(iii)." *Id.* (emphasis added). Thus, as in *Cintora,* Appellant's claim that *Miller* applies to the case *sub judice* based on his mental development is without merit.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/30/18

- 4 -