J-S47024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH DEMITRIUS JOHNSON | : | |
| | : | |
| Appellant | : | No. 1783 WDA 2017 |

Appeal from the Judgment of Sentence Entered November 1, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001813-2017

BEFORE:   OLSON, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.:              **FILED NOVEMBER 1, 2018**

Joseph Demitrius Johnson appeals from the judgment of sentence entered on November 1, 2017, after he pled guilty to firearms not to be carried without a license and recklessly endangering another person ("REAP").[1] Johnson contends that it was unconstitutional for the trial court to include his juvenile adjudication for robbery when calculating his prior record score. We affirm.

The facts underlying Johnson's guilty plea are not dispositive of this appeal and as such we do not reiterate them. Johnson was 19 years old when he committed the above-referenced crimes. **See** Guideline Sentence Form, at 1. Based on Johnson's prior record score of four, the Sentencing Guidelines

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6106 and 2705, respectively.

suggested minimum sentences ranging from 36 to 42 months for the firearms conviction and nine to 12 months for the REAP conviction. Notes of Testimony (N.T.), Sentencing Hearing, 11/1/17, at 23. Johnson's prior record score of four was based on his juvenile adjudication for a robbery committed when he was 16 years old.[2] **See** Pre-Sentence Investigation ("PSI") Report, at 4. At the sentencing hearing, Johnson did not argue that it was improper for the trial court to consider the robbery adjudication when calculating his prior record score. Rather, defense counsel acknowledged Johnson's prior record score stating, "We have a gentleman who is only 20 years old with a prior record score of four." N.T., at 16. Johnson did not file a post-sentence motion. This timely appeal followed.

On appeal, Johnson asks us to review one issue:

I.    Did the trial court err in its calculation of [Johnson's] prior record score as the score should not include [Johnson's] juvenile adjudications in the calculation under the logic propounded in **Roper v. Simmons**, 543 U.S. 551 (2005), **Graham v. Florida**, 560 U.S. 48 (2010), **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**, _____ U.S. _____ (2016)?

Johnson's Br. at 7.

Johnson challenges the constitutionality of the provision of the Sentencing Guidelines that requires a court to include certain juvenile

_____

[2] 18 Pa.C.S.A. § 3701(a)(1).

adjudications when calculating a defendant's prior record score.[3] ***See*** 204 Pa. Code § 303.6(a). Our standard review is *de novo* and our scope is plenary. ***See Commonwealth v. Bonner***, 135 A.3d 592, 597 (Pa.Super. 2016), *appeal denied*, 145 A.3d 161 (Pa. 2016).

We begin by noting that Johnson did not preserve the issue presented to this Court because he failed to raise the claim with the trial court. While Johnson claims that he "preserved this challenge at the time of sentencing," we disagree. Johnson's Br. at 10. Johnson cites to two pages of the sentencing transcript, which read:

> Mr. Checque [defense counsel]: I've known Joseph for a while. I represented him when he was a juvenile on a couple occasions. And I know he's been in a lot of trouble, but I've always been optimistic, you know, that he is a good kid who just keeps hanging with the wrong people. I think there could be a mental health component there if you look at the type of crimes. And there is - - whether, you know, the Court wants to take - - acknowledge it or not, there's been a rash of gun violence. Even in the juvenile system there's a rash of young juveniles who have had guns and firearms, and - -

---

[3] 204 Pa. Code § 303.6 provides:

(a) Juvenile adjudication criteria. Prior juvenile adjudications are counted in the Prior Record Score when the following criteria are met:

(1) The juvenile offense occurred on or after the offender's 14th birthday, and

(2) There was an express finding by the juvenile court that the adjudication was for a felony or one of the Misdemeanor 1 offenses listed in § 303.7(a)(4).

The Court: But saying someone can have a gun for self-protection because there are guns in the community is a self[-]fulfilling prophecy. Then everybody can have a gun.

Mr. Checque: Your Honor, though, the beefs, if that's the correct colloquial term, is real. There are 14, 15, 16 year old kids, you know, in high school who are afraid just because they're on the east side of the city or west side of Erie, in their mind they're validated, I have a gun, I'm going to protect myself, if I cross State Street I might get shot because I'm associated with these other kids. I'm not saying it's the best excuse, and it's not, but a lot of juveniles have been sent to placement and now they're adults. And the prior record score is reflecting that. We have a gentleman who is only 20 years old with a prior record score of four. I would ask you take that into consideration.

N.T., 15-16; *see also* Johnson's Br. at 10.

Johnson did not preserve his claim on appeal based on our review of the above cited portion of the sentencing hearing transcript and the entire transcript itself. He did not argue that it was unconstitutional for the trial court to include his juvenile adjudication. Rather, Johnson's counsel simply acknowledged his prior record score was the result of his juvenile acts. We therefore conclude that Johnson has waived this issue. *See* Pa.R.A.P. 302(a) (issue not raised before trial court is waived on appeal).

Nevertheless, even if this issue were properly preserved for appellate review, the claim is meritless. Johnson contends that "the inclusion of juvenile adjudications when calculating the prior record score overlooks the juvenile's diminished culpability." Johnson's Br. at 12. However, as he admits in his brief, our decision in *Bonner* rejected that argument. *Id.* at 14; *see also Bonner*, 135 A.3d at 600. In *Bonner*, this Court held that Section 303.6 was

- 4 -

constitutional. **Bonner**, 135 A.3d at 603. Bonner argued that the holdings of **Miller**, **Roper**, and **Graham**, supported the contention that including juvenile adjudications in the prior record score discounts a juvenile's diminished capacity and therefore should be treated "differently than adult convictions when calculating a prior record score."[4] **Id.** at 598-99. We disagreed with this argument, stating:

> **Roper**, **Graham**, and **Miller** all addressed the constitutionality of sentencing a defendant for offenses committed as a juvenile. In this case, [Bonner] was an adult when he committed the instant offenses. Thus, **Roper, Graham,** and **Miller** are inapposite. **See Commonwealth v. Lawson**, 90 A.3d 1, 6–8 (Pa.Super.2014); **Commonwealth v. Cintora**, 69 A.3d 759, 764 (Pa.Super.2013), *appeal denied,* 622 Pa. 764, 81 A.3d 75 (2013). Here, [Bonner] is being held to account for conduct and choices he made as an adult with full knowledge of the nature and scope of his own criminal past, including juvenile adjudications. Thus, [Bonner's] contention that the sentencing guidelines fail to recognize the lack of maturity of a youthful offender holds little sway in the instant circumstances. Moreover, the sentencing guidelines attempt to ensure that a defendant knows the prior juvenile adjudications that will be used during subsequent adult sentencing proceedings by limiting such use to those committed after he turned 14 and that (typically) occurred within the past 14 years. 204 Pa.Code §§ 303.6(a)(1), 303.6(c).

_____

[4] **See Miller v. Alabama**, 567 U.S. 460, 489 (2012) (holding Eighth Amendment prohibits imposition of life without parole on juvenile offender who was under the age of 18 at the time of the criminal act); **Graham v. Florida**, 560 U.S. 48, 82 (2010) (holding Eighth Amendment prohibits life without parole being imposed on a juvenile who did not commit a homicide); **Roper v. Simmons**, 543 U.S. 551, 578 (2005) (holding Eighth and Fourteenth Amendments prohibit the imposition of the death penalty on a juvenile offender who was under 18 years old at the time of the criminal act).

*Id.* at 600-01 (footnote omitted). Similarly, Johnson's reliance on ***Roper***, ***Graham***, and ***Miller*** is misguided because he was 19 years old at the time of his offenses and as such they are irrelevant to this appeal. Johnson also relies on ***Montgomery v. Louisiana***, --- U.S. ---, 136 S.Ct. 718, 732 (2016), which held that ***Miller*** could be applied retroactively "in cases on collateral review." Yet again his reliance on ***Montgomery*** is misplaced because the Court's decision there, like its decision in ***Miller***, related to the sentencing of juvenile offenders, and Johnson was not a juvenile when he committed the crimes at issue. *Id.* at 725 (Montgomery was 17 years old at the time of his offense).

Therefore, as in ***Bonner***, it was not unconstitutional for the trial court here to consider Johnson's juvenile adjudication for robbery when calculating his prior record score. Since Johnson's adjudications satisfied the criteria of Section 303.6, the trial court as a matter of law was required to include Johnson's adjudication for robbery when calculating his prior record score. ***See*** 204 Pa. Code § 303.6(a). We affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/1/2018

- 6 -