J-S30013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| URIAH O'CARROLL, | : | |
| | : | |
| Appellant | : | No. 3047 EDA 2022 |

Appeal from the PCRA Order Entered November 10, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003610-2011

BEFORE: BENDER, P.J.E., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED NOVEMBER 8, 2023**

Appellant, Uriah O'Carroll, appeals *pro se* from the post-conviction court's November 10, 2022 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

We need not set forth a detailed summary of the facts of Appellant's case for purposes of this appeal. We only note that on September 4, 2012, Appellant entered an open plea to third-degree murder for shooting and killing Marcus Eggleston, and to attempted homicide for shooting Eggleston's mother, Sandy Falwell, in the head. On October 22, 2012, the trial court sentenced Appellant to a term of imprisonment of 20 to 40 years on each conviction. The trial court ordered the sentences to run consecutively, totaling an aggregate term of 40 to 80 years' incarceration. On July 18, 2013, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v.*

*O'Carroll*, 82 A.3d 1070 (Pa. Super. 2013) (unpublished memorandum). He did not file a petition for allowance of appeal with our Supreme Court.

Appellant thereafter filed a timely, *pro se* PCRA petition on January 27, 2014. Counsel was appointed, but ultimately withdrew from representing Appellant. The PCRA court issued an order denying Appellant's petition on June 2, 2014. Although Appellant filed a *pro se* appeal to this Court, he did not file it until August 27, 2014. Therefore, we quashed his appeal as untimely on January 7, 2015.

On August 26, 2022, Appellant filed the *pro se* PCRA petition underlying his present appeal. Therein, Appellant claimed that in June of 2022, he was notified by another inmate that his sentence is illegal pursuant to the rationale set forth in *Commonwealth v. King*, 234 A.3d 549, 562 (Pa. 2020) (holding that when the Commonwealth "intends to seek an enhanced sentence for attempted murder resulting in serious bodily injury under [18 Pa.C.S. §] 1102(c), the Commonwealth must include a citation to the statutory provision as well as its language in the charging documents"); *see also* 18 Pa.C.S. § 1102(c) ("**Attempt, solicitation and conspiracy.--**Notwithstanding section 1103(1) (relating to sentence of imprisonment for felony), a person who has been convicted of attempt, solicitation or conspiracy to commit murder, murder of an unborn child or murder of a law enforcement officer where serious bodily injury results may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years. Where serious bodily injury does not result, the person may be sentenced to a term of

imprisonment which shall be fixed by the court at not more than 20 years."). Appellant claimed that his discovery of the "new fact" that his sentence is purportedly illegal under *King* triggered the PCRA court's jurisdiction and warranted resentencing.

On October 5, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing on the basis that it was untimely and failed to meet any timeliness exception. Appellant filed a timely, *pro se* response, but on November 10, 2022, the PCRA court issued an order dismissing his petition. He filed a timely, *pro se* notice of appeal. It does not appear that the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) statement. On February 3, 2023, the court filed a Rule 1925(a) statement indicating it is relying on the rationale set forth in its Rule 907 notice to support its dismissal of Appellant's petition.

Herein, Appellant states one issue for our review:

> A. Does not a context-specific circumstance where [A]ppellant was unaware of the intricate facts of his case and the law which his illegal sentence was predicated upon until he was informed of the intricate facts constitute newly discovered facts pursuant to 42 Pa.C.S. § 9545 since he was not able to discover such intricate facts with reasonable diligence because he assumed the Commonwealth and the courts acted legally and according to its constitutional obligations when imposing a 40 year maximum sentence on [A]ppellant for his general attempted murder charge?

Appellant's Brief at 4 (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v.***

***Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
>> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>>
>>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>>
>>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>>
>>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one

year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in 2013 and, thus, his petition filed in 2022 is facially untimely. For this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b). In this regard, Appellant argues that he meets the newly-discovered-fact exception of section 9545(b)(1)(ii). According to Appellant, the 'new fact' he discovered was that his sentence is illegal under our Supreme Court's decision in **King**. Appellant maintains the **King** decision's impact on the legality of his sentence was unknown to him, and that he "did not fail to act with due diligence for not investigating further into the legality of his sentence because he has every right to assume the state could be taken at its word" and that it was "acting according to its constitutional obligations." Appellant's Brief at 10 (citation omitted).

Appellant's argument fails to prove that he meets the newly-discovered-fact exception. To establish this exception, a PCRA petitioner must allege and offer to prove that the facts upon which the claim is predicated were not previously known to him and could not have been ascertained earlier with the exercise of due diligence. **See Commonwealth v. Burton**, 158 A.3d 618, 629 (Pa. 2017). It is well-settled, however, that judicial opinions and case law do not amount to newly-discovered facts under section 9545(b)(1)(ii) of the PCRA. **See Commonwealth v. Reid**, 235 A.3d 1124, 1148 (Pa. 2020);

*see also Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013) (explaining that judicial decisions are not newly-discovered facts for purposes of the PCRA's time bar exception). Moreover, under section 9454(b)(2), Appellant was required to raise his claim within one year of the date that it could have been presented. Since *King* was decided on July 21, 2020, Appellant's petition filed in August of 2022 clearly fails to meet the one-year requirement of section 9545(b)(2). Accordingly, Appellant has not demonstrated that his PCRA petition meets any timeliness exception, and the court did not err in dismissing it.[1]

_____

[1] Nevertheless, we note that we agree with the Commonwealth that even if Appellant's petition met a timeliness exception, no relief would be due. The *King* Court found that while formal notice of section 1102(c)'s applicability was lacking in that case, that error was harmless, as "King was adequately apprised through other means of the Commonwealth's intentions" to seek an enhanced sentence under that provision. *King*, 234 A.3d at 563. Likewise, here, the Commonwealth stresses that Appellant

> was well aware that the Commonwealth sought the serious[-]bodily[-]injury enhancement. In the Information, the Commonwealth charged [Appellant] with Attempted Criminal Homicide for shooting Sandy Falwell in the head. It also charged [him] with Aggravated Assault for "intentionally, knowingly or recklessly caus[ing] serious bodily injury to Sandy Falwell under circumstances manifesting extreme indifference to the value of human life by shooting Sandy Falwell in the head.

Commonwealth's Brief at 13 (unnecessary capitalization omitted). The Commonwealth also points out that at Appellant's guilty plea proceeding, he admitted that he shot Ms. Falwell in the head, recognized the severity of her injuries, and affirmed his understanding that he faced a maximum sentence of 40 to 80 years' incarceration for both counts to which he was pleading guilty. *Id.* at 13-14 (citing N.T. Guilty Plea, 9/4/12, at 4-5, 8, 11). Given this record, we would agree with the Commonwealth that Appellant "knew he inflicted serious bodily injury when he shot Ms. Falwell in the head and that
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/8/2023

---

his maximum exposure for this crime alone was twenty (20) to forty (40) years['] imprisonment." *Id.* at 14 (footnote omitted). Thus, even if Appellant's petition met a timeliness exception, we would conclude that any error in the Commonwealth's failing to give him formal notice of its intent to seek a sentence under 18 Pa.C.S. § 1102(c) was harmless error.